1 **GUTRIDE SAFIER LLP**
2 ADAM J. GUTRIDE (State Bar No. 181446)
  SETH A. SAFIER (State Bar No. 197427)
3 KRISTEN SIMPLICIO (State Bar No. 263291)
  835 Douglass Street
4 San Francisco, California 94114
  Telephone: (415) 336-6545
5 Facsimile: (415) 449-6469

6 Attorneys for Plaintiff

7 UNITED STATES DISTRICT COURT

8 NORTHERN DISTRICT OF CALIFORNIA

9 SAN FRANCISCO DIVISION

| SCOTT MILLER, AN INDIVIDUAL, ON BEHALF OF HIMSELF, THE GENERAL PUBLIC, AND THOSE SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>GHIRARDELLI CHOCOLATE COMPANY, AND DOES 1 THROUGH 50,<br><br>Defendants. | CASE NO. 12-cv-00117 (LB)<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE<br><br>Date: December 6, 2012<br>Time: 11:00 am<br>Place: Courtroom C, 15th Floor<br>Judge: Hon. Laurel Beeler |
|---|---|

Plaintiff respectfully submits this Opposition to Defendant's Request for Judicial Notice ("RFJN").  (Dkt.# 8.)

## I.    INTRODUCTION

Defendant asks this Court to judicially notice six exhibits, including selected "labels" and "packages" for some of Defendant's "white chocolate" products.   While product labels and/or packaging that "form the basis for Plaintiff's allegations" are subject to judicial notice, *see Wright v. Gen'l Mills, Inc.*, 2009 U.S. Dist. LEXIS 90576 (S.D. Cal. Sept. 30, 2009), the documents must still be authentic and un-ambiguous.  Otherwise put, under Federal Rule of Evidence 201, the authenticity of the judicially noticed documents must not be subject to reasonable dispute.   Because Defendant has not properly authenticated all of the labels and packaging it seeks to introduce, judicial notice must be denied.

## II.    ARGUMENT

### A.    Legal Standard For Judicial Notice

A district court may take judicial notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  However, because "the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence," courts must use caution in determining that a fact is not subject to reasonable dispute.  *See Rivera v. Philip Morris, Inc*., 395 F.3d 1142, 1151 (9th Cir. 2005).

### B.    Judicial Notice Should Be Denied.

Defendant requests judicial notice of six product labels/packages that it claims are "extensively" referenced or quoted in Plaintiff's complaint, including labels and/or packaging for Ghirardelli Premium Baking Chips – Classic White, Ghirardelli White Chocolate Flavored Confectionary Coating Wafers, Ghirardelli Sweet Ground White Chocolate Flavor, Ghirardelli Premium Hot Beverage – White Mocha, and Ghirardelli Frappe Classico – Classic White. Defendant attempts to authenticate these exhibits by stating that they were in use "during the

1 | relevant time period."[1] Defendant defines "the relevant time period" as "the time period defined
2 | in the Complaint." (Dkt.# 8, at ¶2.) But this definition is far too vague and ambiguous to meet
3 | Defendant's burden of providing an adequate foundation for the authenticity, and thereby relevance, of the documents. *See, e.g.,* Fed. R. Evid. 901(b)(1) (authentication requires competent testimony concerning the document); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (judicial notice may be taken of facts not subject to a reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Defendant also fails to adequately establish that the labels/packaging remained unchanged during the "relevant time period." Judicial notice must accordingly be denied.[2] *See id*.

Alternatively, if Defendant adequately establishes that the labels and packaging at issue were both unchanged, and in use, during the proposed class period—i.e., August 27, 2008 through present, Plaintiff will withdraw his opposition.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Defendant's request for judicial notice.

Dated: November 2, 2012          **GUTRIDE SAFIER LLP**

/s/ Seth A. Safier
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
835 Douglass Street
San Francisco, California 94114

Attorneys for Plaintiff

---

[1] For Exhibit A, Defendant contends it was "in use from 2010-present." Exhibit B was purportedly "in use from 2010 to the present." And, Exhibit F was allegedly in use from approximately the "beginning of the relevant time period until approximately 2011." (Dkt.# 8, at ¶¶ 2-3, 8.)

[2] Plaintiff also understands that Defendant accidentally submitted a new label for one of the products at issue in this case.