GUTRIDE SAFIER LLP
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
835 Douglass Street
San Francisco, California 94114
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

Attorneys for *Plaintiff*
SCOTT MILLER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT MILLER, an individual, on behalf of himself, the general public and those similarly situated<br><br>     Plaintiff,<br><br>          v.<br><br>GHIRARDELLI CHOCOLATE COMPANY;<br><br>     Defendants | CASE NO. C 12-04936 LB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(F); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      June 20, 2013<br>Time:      9:30 am<br>Dept:      Courtroom C, 15th Floor<br>Judge:    Hon. Laurel Beeler |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION .................................................................................1

I.   INTRODUCTION .................................................................................................3

II.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND ....................3

III. ARGUMENT ........................................................................................................5

    A.   Legal Standard for Motion to Strike Affirmative Defenses. ........................5

    B.   Defendant's First, Fourth, Fifth, Sixth, Seventh, Tenth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twenty-First and Twenty-Second Affirmative Defenses Must Be Stricken As It They Are Not Proper Affirmative Defenses. ....................................6

       1.   Defendants' First Affirmative Defense (Failure to State a Cause of Action) Is Immaterial and Impertinent. ...........................................6

       2.   Defendant's Third Affirmative Defense (Choice of Law) and Tenth Affirmative Defense (Failure To Meet Class Action Requirements) Are Immaterial and Impertinent. ...................................7

       3.   Defendant's Fourth (Knowledge of No Cocoa Butter), Fifth (Knowledge of Not White Chocolate), Sixth (Knowledge of Not White Chocolate Flavored), Seventh (Expectation About White Chocolate Met By Product), Thirteenth (Reasonable Notice) and Twenty-First (Puffing) Affirmative Defenses Are Immaterial And Impertinent. ...................................................................................7

       4.   Defendant's Ninth Affirmative Defense (Set-Off/Value Received) and Fourteenth Affirmative Defense (Failure to State a Claim for Punitive Damages) Are Immaterial And Impertinent. ................8

       5.   Defendant's Sixteenth Affirmative Defense (Good Faith/Compliance with Law/Due Care) is Insufficient. ..............8

       6.   Defendant's Twenty-Second Affirmative Defense (Lack of Standing) Is Immaterial And Impertinent. .......................................9

    C.   Defendant's Remaining Affirmative Defenses Must Be Stricken As They Are Insufficient to Provide Plaintiff With Fair Notice of the Defense. .........9

       1.   Defendant's Second Affirmative Defense (Statute of Limitations) Is Insufficient. .........................................................9

       2.   Defendant's Eleventh Affirmative Defense (Preemption) Is Insufficient. .........................................................9

3.  Defendant's Twelfth Affirmative Defense (Non-Delegation Doctrine) is Insufficient................................................................11

4.  Defendant's Fifteenth Affirmative Defense (Inadequate CLRA Notice) Is Insufficient. ............................................................11

5.  Defendant's Eighteenth, Nineteenth and Twenty-Third Affirmative Defenses (Contributory Fault, Acceptance of Goods After Reasonable Opportunity to Inspect, and Failure to Rescind/Timeliness of Rescission) Are Insufficient. ...................................11

6.  The Twentieth Affirmative Defense (Mootness) Is Insufficient.....................12

7.  Defendant's Twenty-Fourth Affirmative Defense (Equitable Defense) Is Insufficient. ............................................................13

8.  Defendant's Twenty-Fifth Affirmative Defense (Failure to Minimize Damages) is Insufficient. ..........................................14

9.  Defendant's Reservation of Right Should Also Be Stricken. ...........................14

IV.  CONCLUSION.....................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Arreola v. County of Monterey*, 99 Cal.App.4th 722 (2002) ...................................................... 12

*Black v. Financial Freedom Senior Funding Corp.*, 92 Cal.App.4th 917 (2001) ..................... 10

*Brother Records, Inc. v. Jardine*, 318 F.3d 900 (9th Cir. 2003) ................................................ 14

*California v. ARC America Corp.*, 490 U.S. 93 (1989) ............................................................. 10

*Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992) ............................................................. 10

*Crosby v. National Foreign Trade Council,* 530 U.S. 363 (2000) ............................................ 10

*EEOC & Gutierrez v. Interstate Hotels, L.L.C.*, 2005 U.S. Dist. LEXIS 45000
(N.D. Cal. April 14, 2005) .................................................................................................... 6, 7, 8

*English v. General Electric Co.,* 496 U.S. 72 (1990) ................................................................ 10

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ............................................................ 6

*Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987) ................... 9

*FTC v. Affordable Media*, 179 F.3d 1228 (9th Cir.1999) ......................................................... 13

*Hart v. Baca*, 204 F.R.D. 456 (C.D. Cal. 2001) ......................................................................... 5

*Hynix Semiconductor Inc. v. Rambus Inc.*, 2007 U.S. Dist. LEXIS 97677
(N.D.Cal. Nov. 15, 2007) ...................................................................................................... 15

*In re Beaty*, 306 F.3d 915 (9th Cir. 2002) ................................................................................ 14

*Jones v. Community Redevelopment Agency*, 733 F.2d 646 (9th Cir. 1984) ........................... 5, 9

*Lehman v. United States*, 154 F.3d 1010 (9th Cir. 1998) .......................................................... 13

*Lugtu v. California Highway Patrol*, 26 Cal.4th 703 (2001) ..................................................... 12

*McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995) ............................................ 14

*Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996) .......................................................................... 10

*Perma Life Mufflers, Inc. v. Int'l Part Corp.*, 392 U.S. 134 (1968) ........................................ 14

*Public Agencies Opposed to Social Security Entrapment v. Heckler*, 613 F. Supp.
558 (E.D. Cal. 1985) .............................................................................................................. 9

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) ........................... 5, 14

*Reis Robotics U.S .A., Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897 (N.D. Ill.
2006) ..................................................................................................................................... 15

*Resolution Trust Corp. v. Thomas*, 1995 U.S. Dist. LEXIS 6071 (D. Kan. Apr. 26,
1995) ..................................................................................................................................... 12

*S.E.C. v. Sands*, 902 F.Supp. 1149 (C.D. Cal. 1995) ................................................................. 5

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir. 1983) ............................................ 5

*Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350 (N.D. Cal. May 8,
2009) ................................................................................................................................... 9, 15

*Sun Microsystems v. Dataram Corp.*, No. CIV. 96-20708 SW, 1997 U.S. Dist.
LEXIS 4557 (N.D. Cal. Feb. 4, 1997) .................................................................................. 13

*United States v. Concentrated Phosphate Export Ass'n*, Inc., 393 U.S. 199 (1968) ................. 13

*United States v. King Features Entm't, Inc.*, 843 F.2d 394 (9th Cir. 1988) .............................. 14

*United States v. W.T. Grant Co.*, 345 U.S. 629 (1953) ............................................................... 13

*Washington Mutual Bank v. Superior Court*, 95 Cal.App.4th 606 (2002) ................................. 10

*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979) ...................................................... 5, 14

*Yash Raj Films (USA) Inc. v. Atl. Video*, 2004 U.S. Dist. LEXIS 9739 (N.D. Ill. Mar. 28, 2004)........................................................................................................................ 12

## NOTICE OF MOTION AND MOTION

On June 20, 2013, at 9:30 a.m., in Courtroom C, on the 15th floor of the United States District Court for the Northern District of California (San Francisco Division), Plaintiff Scott Miller will, and hereby does, move, pursuant to Fed. Rule. Civ. Proc. Rule 12(f), to strike the following Affirmative Defenses asserted in Defendant Ghirardelli Chocolate Company's ("Defendant" or "Ghirardelli") Answer to the Complaint (Dkt.# 38) ("Answer"):

1. First Affirmative Defense  (Failure to State a Cause of Action)

2. Second Affirmative Defense (Statute of Limitations)

3. Third Affirmative Defense (Choice of Law)

4. Fourth Affirmative Defense (Knowledge of No Cocoa Butter)

5. Fifth Affirmative Defense (Knowledge of Not White Chocolate)

6. Sixth Affirmative Defense (Knowledge of Not Chocolate-Flavored)

7. Seventh Affirmative Defense (Expectation About White Chocolate Met By Product)

8. Ninth Affirmative Defense (Set-Off/Value Received)

9. Tenth Affirmative Defense (Failure to Meet Class Action Requirements)

10. Eleventh Affirmative Defense (Federal Preemption)

11. Twelfth Affirmative Defense (Non-Delegation Doctrine)

12. Thirteenth Affirmative Defense (Reasonable Notice)

13. Fourteenth Affirmative Defense (Failure to State a Claim for Punitive Damages)

14. Fifteenth Affirmative Defense (Inadequate CLRA Notice)

15. Sixteenth Affirmative Defense (Good Faith/Compliance With Law/Due Care)

16. Seventeenth Affirmative Defense (Failure to Give Notice of Breach)

17. Eighteenth Affirmative Defense (Acceptance of Goods After Reasonable Opportunity to Inspect)

18. Nineteenth Affirmative Defense (Failure to Rescind/Timeliness of Rescission)

19. Twentieth Affirmative Defense (Mootness)

20.     Twenty-First Affirmative Defense (Puffing)

21.     Twenty-Second Affirmative Defense (Lack of Standing)

22.     Twenty-Third Affirmative Defense (Contributory Fault)

23.     Twenty-Fourth Affirmative Defense (Equitable Defenses)

24.     Twenty-Fifth Affirmative Defense (Failure to Minimize Damages)

This motion is based on the following memorandum of points and authorities, the complete records and files in this action, and all maters of which the Court may take notice.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     INTRODUCTION**

Defendant's Answer includes twenty-five affirmative defenses.  Fifteen of the defenses—the first, fourth through seventh, thirteenth through nineteenth, and twenty-first through twenty-second—are not, in fact, affirmative defenses, but merely arguments that Plaintiff will be unable to meet his burden of proof.  Nine of the remaining ten "affirmative defenses" are boilerplate invocations of concepts like "statute of limitations," "choice of law," or "federal preemption," which fail to provide fair notice of the defense and the grounds for it.  Only one—the eighth affirmative defense—arguably gives fair notice of the alleged defense and the grounds for it.  Accordingly, each of Defendant's other affirmative defenses should be stricken as immaterial, impertinent, or insufficient.

The Answer also includes a preamble purportedly "reserving the right" to add affirmative defenses later.  The Federal Rules do not authorize such a reservation of rights; new affirmative defenses may be pled only with leave of court under Rule 15.  Defendant's preamble should also be stricken.

### **II.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Ghirardelli manufactures, markets and sells chocolate products.  It claims to be "America's premier chocolate company" and represents that it is "one of the very few American manufacturers that make chocolate starting from the cocoa bean through the finished products." (Complaint (Dkt.# 24) ¶¶ 9-10.)  It describes how its "premium chocolate delivers [its] signature intense, smooth-melting chocolate taste."  (Id., ¶ 11.)   It makes numerous additional representations regarding, for example, how it "roasts the cocoa beans in-house to ensure the company's signature flavor profile is consistently maintained in all chocolate products."  And it describes its careful selection of cocoa beans, and the fine, smooth, melting characteristics of its chocolate products.  (Id.)

Ghirardelli also manufactures, markets and sells a "white chocolate" product line.  Many of the white chocolate products do in fact contain cocoa butter.  But several contain no chocolate

1    or cocoa butter whatsoever.  At issue in this case is one of those products, the "Ghirardelli ®

2    Chocolate Premium Baking Chips Classic White" ("Fake White Chocolate Chips"). (Id. ¶ 13.)

3         On June 24, 2012, Plaintiff purchased Ghirardelli's Fake White Chocolate Chips after re-

4    viewing the packaging.  (Id. ¶ 48)  The package made numerous references to "chocolate," in-

5    cluding that it contained "Premium Baking Chocolate," and describing the product as having

6    "Finest grind" and "melt-in-your-mouth" qualities.  (Id. ¶ 49.)  Plaintiff further relied on the fact

7    that the product did not state that it was "not white chocolate" "artificially flavored" or "contained

8    no cocoa butter."  (Id.)  Satisfied that he was purchasing white chocolate, Plaintiff purchased the

9    Fake White Chocolate Chips from a Publix supermarket in Auburndale, Florida for $3.29.  (Id.)

10        The next day, Plaintiff tasted the Fake White Chocolate Chips and noticed that they did

11   not taste like white chocolate.  (Id. ¶ 49.)  He then looked closely at the ingredients list and no-

12   ticed that they did not contain any white chocolate, cocoa, or cocoa butter.  (Id.)  Plaintiff would

13   not have purchased the Fake White Chocolate Chips at all, or paid the premium he paid for them,

14   if he had known that they were not real white chocolate.  (Id.)

15        Plaintiff brought this suit to put a stop to Ghirardelli's deceptive practices.  He filed it on

16   August 17, 2012 in San Francisco Superior Court.  (Dkt.# 1.)  He alleges four causes of action—

17   all under California law— for violations of the Consumer Legal Remedies Act, false advertising,

18   unfair trade practices, and fraud, deceit and/or misrepresentation.  (Dkt.# 24.)   On his UCL

19   claim, Plaintiff contends that Ghirardelli's packaging is likely to deceive reasonable consumers

20   and that it is "unlawful" because it violations several regulations of the United States Food and

21   Drug Administration ("FDA") that have been adopted by the State of California as part of the

22   Sherman Food, Drug, and Cosmetic Law, California Health and Safety Code ("Cal. Health & Saf.

23   Code"), § 109875, *et seq*. (Id. ¶¶ 14-17.)

24        Shortly after Plaintiff filed his complaint, Defendant removed and filed a motion to

25   dismiss.  (Dkt.# 7.)  Defendant's motion to dismiss was denied, in part.  (Dkt.# 20.)   Plaintiff

26   then filed a first amended complaint, and Defendant again moved to dismiss.  (Dkt.# 24, 37.)  On

27   April 5, this Court denied, in part, Defendant's second motion to dismiss.   (Dkt.# 37.)

28        Defendant answered on April 19, 2013.  (Dkt.# 38.)  The answer includes twenty-five

1   purported affirmative defenses.   Plaintiff reviewed the Answer.  To avoid the expenditure of time

2   and money that will arise from litigating spurious issues, a few days later, Plaintiff sent Defendant

3   a letter requesting that it file an amended answer because its affirmative defenses were, at a

4   minimum, inadequately pled.  Ghirardelli refused.

5   **III.     ARGUMENT**

6         **A.     Legal Standard for Motion to Strike Affirmative Defenses.**

7         Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a

8   pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous mat-

9   ter." Fed. R. Civ. Proc. 12(f).  "To strike an affirmative defense [on grounds of immateriality or

10  impertinence], the moving party must convince the court 'that there are no questions of fact, that

11  any questions of law are clear and not in dispute, and that under no set of circumstances could

12  the defense succeed.'" *S.E.C. v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995).  A defense

13  may be stricken as "insufficient" if it does not provide the plaintiff with "fair notice" of the de-

14  fense.  *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determin-

15  ing the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of

16  the defense."); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)

17  (affirmative defenses are governed by the same pleading standard as complaints, and therefore

18  must give plaintiff "fair notice" of the defense being advanced).  Where an affirmative defense

19  simply states a legal conclusion or theory without the support of facts explaining how it connects

20  to the instant case, it is insufficient and will not withstand a motion to strike.  *See Jones v. Com-*

21  *munity Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

22        The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and

23  money that will arise from litigating spurious issues, by dispensing with those issues prior to dis-

24  covery and trial.  *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  If

25  the defense asserted is invalid as a matter of law, the court should determine the issue before a

26  needless expenditure of time and money.  *See Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal.

27  2001); *see also Sands*, 902 F.Supp. at 1166 (prejudice can arise from allegations that cause delay

28

or confusion of issues), *citing Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

### B. Defendant's First, Fourth, Fifth, Sixth, Seventh, Tenth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twenty-First and Twenty-Second Affirmative Defenses Must Be Stricken As It They Are Not Proper Affirmative Defenses.

Fifteen of Defendants' purported "affirmative defenses" are not defenses at all.  Rather, they are merely statements that Plaintiff will be unable to carry his burden of proof.  "The role of an affirmative defense under Rule 8(b) and (c) is to set forth additional matters beyond the four corners of the complaint constituting an 'avoidance' to a well-pled claim. That is, a proper affirmative defense presumes that a claim has been stated and avers that, even so, additional circumstances bar or mitigate the claim." *EEOC & Gutierrez v. Interstate Hotels, L.L.C.*, 2005 U.S. Dist. LEXIS 45000 at *5-6 (N.D. Cal. April 14, 2005).  To put it another way, an affirmative defense is a matter on which Defendant has the burden to affirmatively prove to avoid liability, not just a matter on which Plaintiff will allegedly be unable to carry his burden of proof.

### 1. Defendants' First Affirmative Defense (Failure to State a Cause of Action) Is Immaterial and Impertinent.

In the First Affirmative Defense, Defendant asserts that Plaintiff fails to state a cause of action upon which relief may be granted.  Defendant does not identify, however, what in particular is insufficient about Plaintiff's allegations.  Moreover, as this Court has stated, this defense "is not really an affirmative defense at all." *EEOC & Gutierrez*, 2005 U.S. Dist. LEXIS 45000 at *5-6:

> Either the complaint states a claim for relief or it does not. If not, it can be challenged under Rule 12(b)(6). Inserting a so-called affirmative defense that no claim has been stated does not add or subtract from the complaint and failure to so defend in no way constitutes an admission that the complaint is well pled. …. Why lawyers continue to insert this counterfeit 'defense' is strange and probably flows from an excess of caution. It is rarely challenged, however, because everyone recognizes that it is meaningless. But here plaintiff has taken the time to challenge it. It is surplusage.

*Id*.  Further, the question of whether Plaintiff can "state a cause of action" has already been decided in the two Rule 12(b)(6) motions, after which the Court concluded that Plaintiff had in fact stated a cause of action.   This defense should be stricken.

**2.     Defendant's Third Affirmative Defense (Choice of Law) and Tenth Affirmative Defense (Failure To Meet Class Action Requirements) Are Immaterial and Impertinent.**

In its Tenth Affirmative Defense, Defendant claims that this case is not appropriate for class certification due to the predominance of individual questions, a lack of typicality and superiority problems.  In its Third Affirmative Defense, Defendant similarly asserts that some of Plaintiff's (and class members') claims are governed by the laws of the states where the transactions took place.   In other words, Defendant more specifically contends that Plaintiff cannot invoke California law for himself and/or that choice of law issues will defeat commonality and create manageability concerns.  Irrespective of whether Defendant is correct, these are not affirmative defenses to Plaintiff's causes of action.   Rather, they are merely arguments that Plaintiff cannot make out his claims or meet his burden of proof to achieve class certification.  They should be stricken.

**3.     Defendant's Fourth (Knowledge of No Cocoa Butter), Fifth (Knowledge of Not White Chocolate), Sixth (Knowledge of Not White Chocolate Flavored), Seventh (Expectation About White Chocolate Met By Product), Thirteenth (Reasonable Notice) and Twenty-First (Puffing) Affirmative Defenses Are Immaterial And Impertinent.**

In its Fourth through Seventh, Thirteenth and Twenty-First Affirmative Defenses, Defendant seemingly asserts that Plaintiff cannot meet his burden of proof under sections 17200 and 17500 and the CLRA because its actions and omissions were not unlawful or misleading.  Alternatively, Defendant suggests that its representations could not be deceptive because they were mere puffery and/or non-actionable opinion.  It finally suggests that it provided to consumers all "material facts."  In other words, Defendant alleges, in each of these defenses, that consumers, including Plaintiff, could not have reasonably been deceived.  But it is Plaintiff's burden to prove that Defendant's actions and omissions were fraudulent, deceptive, misleading, unfair or unlawful.  If Plaintiff fails to do so, he will lose the claims and an affirmative defense to that effect is unnecessary.  Again, the role of an affirmative defense is to set forth new matter beyond the minimum plaintiff must prove. *See EEOC & Gutierrez*, 2005 U.S. Dist. LEXIS 45000 at *10-11.  These defenses are also nothing more than denials, not affirmative defenses. *Id*.

**4.      Defendant's Ninth Affirmative Defense (Set-Off/Value Received) and Fourteenth Affirmative Defense (Failure to State a Claim for Punitive Damages) Are Immaterial And Impertinent.**

In its Ninth Affirmative Defense, Defendant asserts that Plaintiff's damages must be reduced by the value of any goods received.   Defendant also claims, in its Fourteenth Defense, that Plaintiff fails to state a claim for punitive damages.  On Plaintiff's claims for damages, it is Plaintiff's burden to prove that he, and those similarly situated, have suffered damages and that such damages were proximately caused by Defendant.  Similarly, on his claims for punitive damages, Plaintiff is tasked with proving that Defendant's actions were such that punitive damages are warranted—e.g., malicious, willful, reckless.  If Plaintiff fails to do so, he will lose the claim(s) and an affirmative defense to that effect is unnecessary.  Again, the role of an affirmative defense is to set forth new matter beyond the minimum plaintiff must prove.  *See EEOC & Gutierrez*, 2005 U.S. Dist. LEXIS 45000 at *10-11.   *Id*.  Like Defendant's challenge to Plaintiff's unfair competition claim, these defenses are also nothing more than denials of damages, not an affirmative defenses.  *Id*.

**5.      Defendant's Sixteenth Affirmative Defense (Good Faith/Compliance with Law/Due Care) is Insufficient.**

In the Sixteenth Affirmative Defense, Defendant asserts that all of its actions were in compliance with the law and in good faith.  Defendant further asserts, in the same defense, that it exercised "due care" and "diligence."   This defense seems to assert that Defendant did not posses a wrongful intent or fault.   However, Plaintiff is not required to prove wrongful intent under his CLRA, UCL and FAL claims.   But even if intent or fault is a required element of any of Plaintiff's claims, a lack thereof is not an affirmative defense.  *See EEOC & Gutierrez*, 2005 U.S. Dist. LEXIS 45000 at *12-13.   Rather, it is, at best, merely a question of Plaintiff's burden.  Moreover, Defendant offers no facts regarding how it exercised due care and diligence or how its conduct was lawful, proper, justified, reasonable or in good faith.  Nor has Defendant provided any basis to establish why it would be entitled to a defense against liability for its beneficent conduct.  This defense is thereby meaningless and should be stricken.

6.     **Defendant's Twenty-Second Affirmative Defense (Lack of Standing) Is Immaterial And Impertinent.**

In its Twenty-Second Affirmative Defense, Defendant asserts that Plaintiff lacks standing to assert the claims described in the complaint.  Questions of standing are addressed to the allegations of the complaint, *see Public Agencies Opposed to Social Security Entrapment v. Heckler*, 613 F. Supp. 558, 566 (E.D. Cal. 1985), *rev'd on other grounds*, 477 U.S. 41 (1986), and are purely legal questions, on which Plaintiff has the burden of proof.  *See Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259 (E.D. Cal. 1987).  Like the "First Affirmative Defense" for failure to state a claim, a challenge to Plaintiff's standing is not an "affirmative defense" but rather should be addressed by motion.  Moreover, even were it a proper grounds for defense, Defendant alleges no facts that would defeat Plaintiff's standing to seek the requested relief, and thus the defense should be additionally stricken as insufficient.

C.     **Defendant's Remaining Affirmative Defenses Must Be Stricken As They Are Insufficient to Provide Plaintiff With Fair Notice of the Defense.**

Defendant's remaining affirmative defenses (other than the eighth affirmative defense) state legal conclusions without alleging any supporting facts, or even explaining how the legal conclusions relate to Plaintiff's claims.  Accordingly, each of these affirmative defenses is insufficient and must be stricken.  *See Jones*, 733 F.2d at 649.

1.     **Defendant's Second Affirmative Defense (Statute of Limitations) Is Insufficient.**

In its Second Affirmative Defense, Defendant asserts that Plaintiff's claims are barred by the "statute of limitations."   Defendant does not, however, explain how any of the claims have expired.  Without further information, such allegations have been held to be inadequate.  *See Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350 at * 9. (N.D. Cal. May 8, 2009) (holding that the legal conclusion that the complaint "is barred by the applicable statutes of limitation," is inadequate to provide "fair notice" of this defense.)  Indeed, Plaintiff purchased the product at issue in this case on June 24, 2012, and filed suit just a few months later.  (Dkt.# 1.)

2.     **Defendant's Eleventh Affirmative Defense (Preemption) Is Insufficient.**

Defendant's Eleventh Defense alleges that Plaintiff's claims are preempted by federal

law.  It specifically claims that Plaintiff's claims are preempted by "FDA labeling requirements" and the prohibition on private rights of action to enforce "FDA rules."   This defense cannot be legally supported.

There is a presumption that federal law does not preempt state law, and thus the federal preemption must be narrowly construed.  *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 523 (1992).  In fields traditionally occupied by the states such as the exercise of a state's police powers, Congress's intent to preempt state law must be "'clear and manifest.'"  *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996).  Accordingly, consumer protection laws such as the unfair competition law ("UCL"), false advertising law ("FAL"), and CLRA, which are within the states' historic police powers, are subject to the strong presumption against preemption.  *See California v. ARC America Corp.*, 490 U.S. 93 (1989); *see also Washington Mutual Bank v. Superior Court*, 95 Cal. App. 4th 606, 613 (2002); *Black v. Financial Freedom Senior Funding Corp.*, 92 Cal. App. 4th 917, 926 (2001).  The presumption against preemption applies not only to the question of whether Congress intended to preempt state law, but also to the scope of preemption.  *See Medtronic*, 518 U.S. at 485.

A Congressional intent to preempt state law may be stated expressly, or it may be implied when a federal law demonstrates an intent to "occupy the field" or if a "state law conflicts with a federal law."  *See Crosby v. National Foreign Trade Council,* 530 U.S. 363,  372 (2000).  Congressional intent to occupy the field "may be inferred from a 'scheme of federal regulation ... so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,' or where an Act of Congress 'touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *English v. General Electric Co.,* 496 U.S. 72, 79 (1990).  Conflict preemption exists where state law conflicts with federal law so that compliance with both the state and federal laws is impossible, or where the state law "'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'"  *Crosby,* 530 U.S. at 373.

Here, Defendant does not explain how the FDA labeling requirements preempt, or conflict

with, any of Plaintiff's state law claims.[1]   Given the presumption against preemption, this De-

fense must be stricken and, at a minimum, Defendant instructed to provide more detail.

### 3.   Defendant's Twelfth Affirmative Defense (Non-Delegation Doctrine) is Insufficient.

As a Twelfth Affirmative Defense, Defendant contends that the incorporation of FDA

rules into California law fails to the extent that those rules were promulgated after the adoption by

the California Legislature of the California legislation.   Defendant, however, previously made,

and had rejected, this exact argument.  (Dkt.# 37.)  It may not now reassert it as an affirmative

defense.

### 4.   Defendant's Fifteenth Affirmative Defense (Inadequate CLRA Notice) Is Insufficient.[2]

Defendant makes the boilerplate allegation, in its Fifteenth Affirmative Defense, that

Plaintiff is barred from recovery by failure to give adequate notice under the CLRA.   This de-

fense is particularly peculiar because Plaintiff sent, by first class mail, return receipt requested, on

August 17, 2012, a letter asserting violations of the California Consumers Legal Remedies Act.

Moreover, Plaintiff's complaint contained a similar notice.  This notice was more than adequate,

as Plaintiff's request for damages under the CLRA was not made until January of 2013.  (Com-

pare Dkt.# 1 & 24.)   If Defendant has grounds for the defense, it should be required to state them.

### 5.   Defendant's Eighteenth, Nineteenth and Twenty-Third Affirmative Defenses (Contributory Fault, Acceptance of Goods After Reasonable Opportunity to Inspect, and Failure to Rescind/Timeliness of Rescission) Are Insufficient.

In its Eighteenth, Nineteenth and Twenty-Third Affirmative Defenses, Defendant essen-

---

[1] Moreover, Defendant did not make this argument in its most recent motion to dismiss.  As such, it has been waived.

[2] As its Seventeenth Affirmative Defense, Defendant similarly claims that "[r]ecovery is barred from Plaintiff, and all other class members who did not complain…within a reasonable time after discovery of the non-conformity or breach prior to suit."   Defendant, however, fails to plead the existence of any such requirement.   Other than the CLRA, Plaintiff is not aware of any such requirement.   This defense must be stricken. *Cf., e.g., Monster Cable*, 2009 U.S. Dist. LEXIS 23747 *6 (denying motion to strike a notice defense where defendant provided fair notice of the defense, specifically, that "[p]laintiff's damage claims are barred by section 29 of the Lanham [A]ct on account of its persistent and pervasive failure to give notice of its claimed registrations.")

1  tially claims that it is not responsible for the injuries or damages alleged in the Complaint be-

2  cause it was others that were responsible, including Plaintiff and those similarly situated.  None

3  of these defenses is, however, supported with any facts.

4      In California, "[a] defendant's conduct is superseded as a legal cause of an injury if,

5  among other things, the intervening force is highly unusual or extraordinary, not reasonably

6  likely to happen and, therefore, not foreseeable….The defendant has the burden to prove the af-

7  firmative defense of superseding cause, that is, that the intervening event is so highly unusual or

8  extraordinary that it was unforeseeable." *Arreola v. County of Monterey*, 99 Cal. App. 4th 722,

9  760 (2002). "For an intervening act properly to be considered a superseding cause, the act must

10  have produced 'harm of a kind and degree so far beyond the risk the original tortfeasor should

11  have foreseen that the law deems it unfair to hold him responsible.'" *Lugtu v. California High-*

12  *way Patrol*, 26 Cal.4th 703, 725 (2001).

13      To properly plead a comparative fault defense, at a minimum, defendant must identify the

14  factual basis upon which its affirmative defense rests and identify the persons to which it wishes

15  to attribute fault.  *See Resolution Trust Corp. v. Thomas*, 1995 U.S. Dist. LEXIS 6071 *6-7 (D.

16  Kan. Apr. 26, 1995).[3]

17      Defendant does not provide any facts to support the allegation of intervening cause or

18  comparative fault.  Nor does Defendant provide notice of any facts that would support a conten-

19  tion that Plaintiff is responsible for his own damages—i.e., how exactly he misused the product

20  to cause the alleged injury.  Each of these defenses must be stricken.

21      **6.    The Twentieth Affirmative Defense (Mootness) Is Insufficient.**

22      Defendant's Twentieth Defense claims that Plaintiff's request for injunctive relief is not

23  necessary or appropriate because "voluntary changes in the label and website have rendered the

24  requested relief moot."  Defendant, however, fails to describe its changes to the label(s) and/or

25  website.  Nor does it establish that once this case is over it will not return to its ways.[4]  As a gen-

26  _____

[3] Some courts hold that comparative fault should automatically be stricken because it is not actu-
27  ally an affirmative defense, but rather it is a denial and claim that others are responsible.  *See,
e.g., Yash Raj Films (USA) Inc. v. Atl. Video*, 2004 U.S. Dist. LEXIS 9739 *10 (N.D. Ill. Mar. 28,
28  2004).
[4]

eral rule, mere voluntary cessation of the violative conduct does not render the case (or the request for injunctive relief) moot.  *See United States v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953). If it did, the courts would be compelled to leave the defendant free to return to his old ways.  *See United States v. Concentrated Phosphate Export Ass'n*, Inc., 393 U.S. 199, 203 (1968); *FTC v. Affordable Media*, 179 F.3d 1228, 1238 (9th Cir.1999) ("The reason that the defendant's conduct, in choosing to voluntarily cease some wrongdoing, is unlikely to moot the need for injunctive relief is that the defendant could simply begin the wrongful activity again.")

This Defense also makes little sense.  It seemingly asserts that Plaintiff is not entitled to injunctive relief.  If so, it is not a defense, but rather at best, a denial that Plaintiff can meet his burden to obtain injunctive relief.

### 7.   Defendant's Twenty-Fourth Affirmative Defense (Equitable Defense) Is Insufficient.

In its Twenty-Fourth Affirmative Defense, Defendant asserts that "the FAC, and each cause of action alleged therein, is barred by the doctrines of unclean hands, estoppel, waiver and laches."  No fair notice is provided of these defenses.

"The elements of equitable estoppel are that (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct." *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998); *see also Sun Microsystems v. Dataram Corp.*, No. CIV. 96-20708 SW, 1997 U.S. Dist. LEXIS 4557 at *4 (N.D. Cal. Feb. 4, 1997) (holding that a party must plead each element of estoppel to survive a motion to strike.) Defendant has not pled any of these elements, and there are no facts that would support such a pleading.

"Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988).  Defendant again fails to allege which rights Plaintiff waived.  Nor does Defendant allege facts showing that Plaintiff knew of such rights and/or intended to relinquish them.

"The affirmative defense of laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *In re Beaty*, 306 F.3d 915, 926 (9th Cir. 2002) (internal quotation marks omitted).  Defendants have not alleged facts demonstrating that Plaintiff (or anyone on his behalf) lacked diligence or that Defendant was prejudiced by that alleged lack of diligence.  Because this affirmative defense is merely a legal conclusion and gives no fair notice of the defense, it should be stricken.  *See Wyshak*, 607 F.2d at 827; *Qarbon.com Inc.*, 315 F. Supp. 2d at 1049.

Finally, under the equitable doctrine of unclean hands, a party may be denied recovery where the party engaged in "reprehensible conduct in the course of the transaction at issue." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) *citing Perma Life Mufflers, Inc. v. Int'l Part Corp.*, 392 U.S. 134, 138 (1968).   In order to maintain an "unclean hands" defense, defendant must allege that plaintiff has engaged in some type of "inequitable conduct" and that such conduct "relates to the subject matter of [plaintiff's] claims." *See Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003) (setting forth elements of defense of unclean hands).  Defendant does not and cannot make any such allegations.  This defense must be stricken.

### 8.    Defendant's Twenty-Fifth Affirmative Defense (Failure to Minimize Damages) is Insufficient.

In its Twenty-Fifth Affirmative Defense, Defendant asserts that "Plaintiff, and any class members, failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages…"  Defendant, however, sets forth no facts that would establish a duty to minimize damages for any of Plaintiff's, or purported class members', claims, nor any facts to suggest that Plaintiff, or purported class members, failed to, or could have, mitigated his, or their, damages. "This sort of bare bones pleading" has been held to fail "to provide fair notice." *Hynix Semiconductor Inc. v. Rambus Inc.*, 2007 U.S. Dist. LEXIS 97677 at *44 (N.D. Cal. Nov. 15, 2007).

### 9.    Defendant's Reservation of Right Should Also Be Stricken.

Finally, Defendant provides a preamble to its affirmative defenses in which it purport to "reserves the right to assert additional separate affirmative defenses in the event discovery indicates such defenses are appropriate."   An attempt to reserve affirmative defenses for a future

-14-

date is not proper.  *See Reis Robotics U.S .A., Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897, 907 (N.D. Ill. 2006).  "Instead, if at some later date Defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure."  *Solis*, 2009 U.S. Dist. LEXIS 43350 at *19.  Defendant cannot avoid the requirements of Rule 15 simply by "reserving the right to amend or supplement [] affirmative defenses." *Id.*

**IV.    CONCLUSION**

For the reasons set forth above, twenty-four of Defendant's twenty-five affirmative defenses and its reservation of right to add new defenses should be stricken from its answer to Plaintiff's first amended complaint**.**

GUTRIDE SAFIER LLP

By: _____

SETH A. SAFIER
Attorneys for *Plaintiff*

-15-

**PROOF OF SERVICE**

I, Seth A. Safier, declare:

My business address is 835 Douglass Street, San Francisco, California.  I am employed in the County of San Francisco, where this mailing occurs.  I am over the age of 18 years and not a party to the within cause.

On May 8, 2013, I served the following documents:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AF-FIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(F); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the following person(s) in this action by placing a true copy thereof as follows:

Thomas B. Mayhew
Farella Braun + Martel LLP
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104
TMayhew@fbm.com

[x]     BY ELECTRONIC MAIL.  I caused said documents to be transmitted by electronic mail to the email address indicated after the address(es).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on May 8, 2013, at San Francisco, California.

_____
Seth A. Safier, Esq.

Plaintiff's Motion to Strike Defendant's Affirmative Defenses – Case No. 12-04936-LB