1  Thomas B. Mayhew (State Bar No. 183539)
   tmayhew@fbm.com
2  Deborah K. Barron (State Bar No. 257146)
   dbarron@fbm.com
3  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6  Attorneys for Defendant
   GHIRARDELLI CHOCOLATE COMPANY
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 SCOTT MILLER, an individual, on behalf        Case No. 3:12-cv-04936-LB
   of himself, the general public and those
12 similarly situated,                           **GHIRARDELLI CHOCOLATE
                                                 COMPANY'S OPPOSITION TO MOTION
13              Plaintiff,                        TO STRIKE AFFIRMATIVE DEFENSES**

14      vs.                                       Date:      June 20, 2013
                                                 Time:      9:30 a.m.
15 GHIRARDELLI CHOCOLATE                          Location:  15th Floor, Courtroom C
   COMPANY, and DOES 1 THROUGH 50,               Judge:     Hon. Laurel Beeler
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB

28172\3668233.4

# TABLE OF CONTENTS

Page

I.   STANDARD OF REVIEW, AND WHY THIS MOTION IS NOT A GOOD USE
     OF ANYONE'S TIME. ...................................................................................... 1

II.  DEFENSE-BY-DEFENSE ANALYSIS .............................................................. 3

    1.   Failure To State A Claim ......................................................................... 4

    2.   Statute Of Limitations ............................................................................. 5

    3.   Choice Of Law ........................................................................................ 6

    4.   Knowledge Of No Cocoa Butter ............................................................. 7

    5.   Knowledge Of Not White Chocolate ...................................................... 8

    6.   Knowledge Of Not Chocolate-Flavored ................................................. 8

    7.   Expectation About White Chocolate Met By Product ............................ 8

    8.   [Plaintiff did not move to strike this defense – heading included for
       consistent numbering only] ..................................................................... 8

    9.   Set-Off/Value Received ........................................................................... 9

    10.  Failure To Meet Class Action Requirements ........................................ 10

    11.  Preemption ............................................................................................ 10

    12.  Non-Delegation Doctrine ...................................................................... 10

    13.  Reasonable Notice ................................................................................. 11

    14.  Failure To State A Claim For Punitive Damages .................................. 11

    15.  Inadequate CLRA Notice ...................................................................... 11

    16.  Good Faith/Compliance With Law/Due Care ....................................... 12

    17.  Failure To Give Notice Of Breach ........................................................ 12

    18.  Acceptance Of Goods After Reasonable Opportunity To Inspect ........ 13

    19.  Failure To Rescind/Timeliness Of Rescission ..................................... 13

    20.  Mootness ............................................................................................... 13

    21.  Puffing ................................................................................................... 13

    22.  Lack Of Standing ................................................................................... 14

    23.  Contributory Fault ................................................................................. 15

    24.  Equitable Defenses ................................................................................ 15

    25.  Failure To Minimize Damages .............................................................. 16

III. LEAVE TO AMEND ........................................................................................ 17

IV.  CONCLUSION ................................................................................................. 17

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB                    - i -                    28172\3668233.4

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*American Motorists Ins. Co. v. Napoli,*
    166 F.2d 24 (5th Cir. 1948) ................................................................. 15

*Board of Trustees of the San Diego Elec. Pension Trust v. Bigley Elec., Inc.,*
    No. 07-CV-634 IEG, 2007 WL 2070355 (S.D. Cal. 2007) ........................... 1, 2, 16

*Denney v. Deutsche Bank AG,*
    443 F.3d 253 (2d Cir. 2006) ................................................................ 14

*Downing v. Abercrombie & Fitch,*
    265 F.3d 994 (9th Cir. 2001) ................................................................. 6

*Fox v. Trans World Airlines, Inc.,*
    20 F.R.D. 565 (E.D. Pa. 1957) ........................................................ *passim*

*Grocery Mfrs. of Am., Inc. v. Gerace,*
    755 F.2d 993 (2d Cir. 1985) ................................................................ 10

*In re Facebook, Inc., PPC Adver. Litig.,*
    282 F.R.D. 446 (N.D. Cal. 2012) ............................................................ 9

*In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.,*
    280 F.R.D. 364 (N.D. Ill. 2011) ............................................................. 3

*In re Light Cigarettes Mktg. Sales Practices Litig.,*
    271 F.R.D. 402 (D.Me. 2010) .............................................................. 14

*Laster v. T-Mobile USA, Inc.,*
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ..................................................... 11

*Mazza v. American Honda Co., Inc.,*
    666 F.3d 581 (9th Cir. 2012) ................................................................. 6

*McArdle v. AT&T Mobility LLC,*
    657 F. Supp. 2d 1140 (N.D.Cal. 2009),
    *rev'd on other grounds*, 474 Fed. Appx. 515 (9th Cir. Jun. 29, 2012) ............ *passim*

*Oshana v. Coca-Cola Bottling Co.,*
    225 F.R.D. 575 (N.D.Ill. 2005) ............................................................ 14

*Ries v. Arizona Beverages USA LLC,*
    287 F.R.D. 523 (N.D. Cal. 2012) ......................................................... 9, 15

*Sanders v. Apple, Inc.,*
    672 F. Supp. 2d 978 (N.D. Cal. 2009) ..................................................... 14

*Smith v. Wal-Mart Stores,*
    No. C 06-2069 SBA, 2006 WL 2711468 at *9-10 (N.D. Cal. 2006) ............... *passim*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB                  - ii -                           28172\3668233.4

*Williams v. Ashland Engineering Co., Inc.,*
45 F.3d 588 (1st Cir. 1995) ........................................................................................... 2

*Woodfield v. Bowman,*
193 F.3d 354 (5th Cir. 1999) .......................................................................................... 2

*Wyshak v. City Nat'l Bank,*
607 F.2d 824 (9th Cir. 1979) .......................................................................................... 2

## STATE COURT CASES

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.,*
169 Cal. App. 4th 116 (2008) ....................................................................................... 13

*Caro v. Procter & Gamble Co.,*
18 Cal. App. 4th 644 (1993) ...................................................................................... 7, 8

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,*
20 Cal. 4th 163 (1999) ................................................................................................. 12

*Chavez v. Netflix, Inc.,*
162 Cal. App. 4th 43 (2008) .......................................................................................... 3

*Cortez v. Purolator Air Filtration Prods. Co.,*
23 Cal. 4th 163 (2000) ................................................................................................. 15

*Dunkin v. Boskey,*
82 Cal. App. 4th 171 (2000) ........................................................................................... 9

*In re Vioxx Class Cases,*
180 Cal. App. 4th 116 (2009) ......................................................................................... 9

*Morgan v. AT&T Wireless Services, Inc.,*
177 Cal. App. 4th 1235 (2009) .................................................................................... 11

*Outboard Marine Corp. v. Superior Court,*
52 Cal. App. 3d 30 (1975) ............................................................................................ 11

## STATE STATUTORY AUTHORITIES

Cal. Civ. Code §§ 1691-1693 ...................................................................................... 13

Cal. Civ. Code § 1782 ............................................................................................. 11, 12

Cal. Civ. Code § 1783 ..................................................................................................... 5

Cal. Civ. Code § 3343(a) ................................................................................................ 9

Cal. Code of Civ. Proc. §§ 338(a), (d) ........................................................................... 5

Cal. Comm. Code § 2607(3)(A) ................................................................................... 12

## FEDERAL RULES AND REGULATIONS

21 C.F.R. § 163.124 ........................................................................................................ 8

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB

- iii -

28172\3668233.4

Fed. R. Civ. P. 7(a)(2) ............................................................................................................ 4

Fed. R. Civ. P. 8(b)(1)(A), (d)(1), (e) ................................................................................ 2, 5

Fed. R. Civ. P. 12(h)(2) ......................................................................................................... 4

Fed. R. Civ. P. 84 .............................................................................................................. 4, 5

Fed. R. Civ. P. Form 30 .................................................................................................... 4, 5

## ADDITIONAL AUTHORITIES

5C Wright & Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004) ................. 1, 2, 8, 17

Order*, Chavez v. Blue Sky*, No. 06-cv-06609-JSW (N.D. Cal. Oct. 19, 2009), Dkt. 72 ...... 5, 10, 16

FDA, *Health and Diet Survey*,
    http://www.fda.gov/Food/FoodScienceResearch/ConsumerBehaviorResearch/ucm19
    3895.htm  (last visited May 17, 2013) ...................................................................... 7

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB          - iv -                          28172\3668233.4

This motion will not advance the case at all; it is a waste of time, and should be denied. It is filed only because of the perverse economic incentives that apply in consumer class action litigation.

Ghirardelli's answer performs the proper function of an answer: to give fair notice of the defenses that may be raised in the case, prior to discovery. The merits of the defenses are for another day. Much will depend on what plaintiff argues, whether a class is certified, and as to which claims. In the meantime, there's no reason to strike affirmative defenses that help identify what the issues in the case will be.

## I.    STANDARD OF REVIEW, AND WHY THIS MOTION IS NOT A GOOD USE OF ANYONE'S TIME.

"Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." 5C Wright & Miller, *Federal Practice and Procedure* § 1381, at p. 421 (3d ed. 2004) (attached as Exhibit A to Appendix of Select Authorities filed herewith ("Appendix")); *Board of Trustees of the San Diego Elec. Pension Trust v. Bigley Elec., Inc.*, No. 07-CV-634 IEG (LSP), 2007 WL 2070355 (S.D. Cal. 2007) (quoting Wright & Miller on this point). "Despite . . . well-established limitations on the procedure, Rule 12(f) motions challenging valid defenses unfortunately are common and continue unnecessarily to occupy the attention of the courts." Wright & Miller § 1381, at pp. 415-16. As Judge Wilken put it when ruling on a similar motion to strike affirmative defenses filed by plaintiff's counsel herein in another matter:

> The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. A defense is insufficient if it fails to give the plaintiff fair notice of the nature of the defense. . . . Although the Ninth Circuit has not ruled on the proper use of a Rule 12(f) motion to strike an affirmative defense, three other circuits have ruled that the motion is disfavored and should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege.

*McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149 (N.D.Cal. 2009), *rev'd on other grounds*, 474 Fed. Appx. 515 (9th Cir. Jun. 29, 2012) (reversing as to arbitration clause

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB

- 1 -

28172\3668233.4

unconscionability issue).  Even "boilerplate" affirmative defenses are sufficient – the Federal Rules only require that a defendant "state in short and plain terms" its defenses.  *Id.* at 1151.  If the defendant doesn't discover evidence to support the defense, the affirmative defense can be dismissed later, either voluntarily or on summary judgment.  *Id.*  Similarly, if a defense raises a legal question that may arise in later stages of litigation, it is best adjudicated then.  *Id.*  Rule 8 is specific that affirmative defenses don't require a lengthy pleading – to the contrary, a party must "state in short and plain terms its defenses," "[e]ach allegation must be simple, concise, and direct," "[n]o technical form is required," and "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(b)(1)(A), (d)(1), and (e).  "The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued.  The fair notice pleading requirement is met if the defendant sufficiently articulate[s] the defense so that the plaintiff [is] not a victim of unfair surprise."  *Board of Trustees*, 2007 WL 2070355 at *2 (quoting *Williams v. Ashland Engineering Co., Inc.*, 45 F.3d 588, 593 (1st Cir. 1995) and *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)).  Thus, for example, in *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979), the Ninth Circuit held that an answer that alleged "plaintiff's claims are barred by the applicable statute of limitations," combined with a memorandum that referred to the specific California Code of Civil Procedure section upon which defendant relied, was sufficient to plead the defense:  no further detail was required.

Moreover, "[a] defense that is pleaded explicitly need not be stricken from an answer as insufficient merely because it could have been brought under the aegis of a general denial.  That simply illustrates the general proposition that Rule 12(f) is not to be used to police the form of a pleading or to correct any misdesignations it might contain."  Wright & Miller, *supra*, § 1381 at pp. 415-16; *Fox v. Trans World Airlines, Inc.*, 20 F.R.D. 565, 567 (E.D. Pa. 1957) (cited in Wright & Miller § 1381, at p. 416 n. 29) ("a motion to strike will not be granted if the allegations, even though immaterial, can do no possible harm to the moving party by their continued presence in the pleading, and the effect of the point can better be resolved at the trial on the merits of the case.").  A motion to strike will not be granted merely because matter that could or should have been pleaded as a denial of plaintiff's allegations is "mislabeled" as an affirmative defense; doing

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB                - 2 -                                    28172\3668233.4

1  so serves no purpose.  *Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468 at *9-

2  10 (N.D. Cal. 2006) ("The federal courts have accepted the notion of treating a specific denial

3  that has been improperly denominated as an affirmative defense as though it was correctly

4  labeled.  This is amply demonstrated by the fact that research has not revealed a single reported

5  decision since the promulgation of the federal rules in which an erroneous designation resulted in

6  any substantial prejudice to the pleader."; "the few authorities to address the subject have held

7  that denials that are improperly pled as defenses should *not* be stricken.") (emphasis in original).[1]

8  Why would plaintiff's counsel "unnecessarily occupy the attention of the court" with a

9  "somewhat dilatory and often harassing," and certainly "disfavored" motion like this one?  The

10  answer unfortunately probably lies in the peculiar economics of class actions.  Attorneys in class

11  actions expect that almost all class actions settle, and when they do, the plaintiff's attorneys will

12  seek an attorney's fee award based on the amount of time they spent on the matter multiplied by

13  their "hourly rate" (the "lodestar") and then ask that the amount be increased by a factor of 2 or 3

14  (the "multiplier").  *See Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43 (2008) (review of attorney's

15  fee award where, after cutting Gutride Safier LLP's claimed lodestar by 33% for wasteful

16  approach, trial court then multiplied lodestar by 2.5); *but cf. In re Kentucky Grilled Chicken*

17  *Coupon Mktg. & Sales Practices Litig.*, 280 F.R.D. 364 (N.D. Ill. 2011) (measuring

18  reasonableness of attorney's fee against lodestar in determining fairness of class settlement;

19  attorney's fee award to Gutride Safier LLP of less than lodestar).  Plaintiff's counsel in class

20  actions thus have a perverse incentive to engage in some level of harassing and wasteful litigation

21  tactics because such tactics both (1) generate more hours to be claimed as part of the lodestar to

22  be compensated as part of a class settlement, and (2) encourage defendants to settle by raising

23  their costs of defense.

24  **II.      DEFENSE-BY-DEFENSE ANALYSIS.**

25  If the Court is inclined to go through defense-by-defense, here are the reasons why the

26  ─────────────────────────
[1] Labeling a denial as an affirmative defense doesn't change the burden of proof.  *Id.* at *11

27  ("Furthermore, the Supreme Court . . . [has] held that an improper designation of a denial as an affirmative defense should be disregarded and plaintiff put to this proof as if defendant's negative averment had been properly labeled as a specific denial.").

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB                    - 3 -                    28172\3668233.4

1    motion should be denied.  Some of the reasons apply to more than one defense; we'll try not to

2    repeat ourselves and instead just refer the Court back.

3        **1.    Failure To State A Claim.**

4        Plaintiff is right about this one – "everyone recognizes that it is meaningless."  Moving to

5    strike what is likely a meaningless defense is, we submit, a meaningless act.  Ghirardelli at least

6    had a good reason for including this boilerplate defense – it's included because plaintiff takes a

7    radically tendentious approach to claiming that defendant has waived the argument of failure to

8    state a claim.  *See, e.g.,* Mot. to Strike Def.'s Affirmative Defenses (Dkt. 40) at 11, n.1; Opp. to

9    Mot. to Dismiss First Am. Compl. ("Opp.") (Dkt. 29) at 9 n.16.  While the law is clear that

10   defendant has the right to complain about failure to state a claim anytime before trial – e.g., a

11   12(c) motion is treated like a 12(b)(6) motion on failure to state a claim – plaintiff's frequent

12   invocation of waiver arguments here encourages an overcautious approach.

13       Ghirardelli also points out that the drafters of the Federal Rules of Civil Procedure

14   considered "failure to state a claim" to be validly pleaded as an affirmative defense:  they

15   expressly included this defense in Form 30.  Fed. R. Civ. P. Form 30; *see also* Fed. R. Civ. P. 84

16   ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that

17   these rules contemplate.").  And indeed, Federal Rule of Civil Procedure 12(h)(2) states that

18   "[f]ailure to state a claim upon which relief can be granted . . . may be raised (A) in any pleading

19   allowed or ordered under Rule 7(a)," and Rule 7(a) includes "an answer to a complaint."  Fed. R.

20   Civ. P. 7(a)(2).  The "defense" of failure to state a claim is thus properly included in the answer.

21       Because "failure to state a claim" could come up later in the case, and is properly included

22   in the answer, the court should do what the court did in rejecting a similar motion filed by

23   plaintiff's counsel herein in the *McArdle* case – summarily reject the motion:

24       Plaintiff moves to strike Defendants' first (failure to state a cause of action),
         twenty-fourth (no ascertainable class), twenty-fifth (predominance), twenty-sixth
25       (no community of interest), twenty-seventh (typicality), twenty-eighth
         (superiority), twenty-ninth (adequate representation) and thirty-first (lack of
26       standing) affirmative defenses as immaterial and impertinent.  However, they
         pertain to and will be necessary to the questions that will arise in later stages of
27       litigation, and will best be adjudicated then.  Accordingly, Plaintiff's motion to
         strike these defenses is denied.

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB                          - 4 -                          28172\3668233.4

> Plaintiff moves to strike Defendants' first (failure to state a claim), fourth (laches), fifth (business judgment), sixth (preemption), seventh (primary/exclusive jurisdiction), twelfth (failure to mitigate damages), fifteenth (justification or privilege), sixteenth (estoppel), seventeenth (statute of limitations), eighteenth (waiver), twentieth (intervening acts and/or omissions), twenty-first (comparative fault or offset) and twenty-fourth through twenty-ninth affirmative defenses as insufficiently plead.  However, the Federal Rules of Civil Procedure require only that a defendant "state in short and plain terms" its defenses.  Fed.R.Civ.P. 8(b).  Defendants have complied with this requirement.  Accordingly, Plaintiff's motion to strike these defenses is denied.  These defenses are apparently plead as boilerplate in an abundance of caution.  The Court trusts that Defendants will dismiss them voluntarily prior to summary judgment motion practice if they do not discover evidence to support them.

*McArdle*, 657 F. Supp. 2d 1140, 1150-51 (N.D. Cal. 2009).

## 2.     Statute Of Limitations.

Plaintiff asserts a right to relief for everyone who bought Ghirardelli white chips in the last four years.  But some of those people have claims that are barred.  For example, under the California Consumer Legal Remedies Act, the section 17500 false advertising claim, or the common law fraud claim, a class member can only get relief for purchases in the last three years, not four.  Cal. Civ. Code § 1783; Cal. Code of Civ. Proc. §§ 338(a), (d).  And if a person is a class member because he bought on June 24, 2012, he may still be subject to statute of limitations for other purchases, for example, if he also bought white chips on June 24, 2005.  The second affirmative defense also points out that which state's statute of limitations applies depends not just on the claim, but on the class member.  The answer gives "fair notice" of the defense, which is all that is required at this stage.  *McArdle*, 657 F. Supp. 2d at 1151; *Smith*, 2006 WL 2711468 at *11-12 (denying motion to strike statute of limitations defense where defense was alleged in same terms as Ghirardelli's answer; "As Defendant argues, in this prospective class action, 'the class membership is unknown,' and some claims of some prospective class members may well turn out to be time-barred."); *cf.* Fed. R. Civ. P. Form 30 (statute of limitations is adequately pleaded by alleging "The plaintiff's claim is barred by the statute of limitations because it arose more than __ years before this action was commenced."); Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); Order, *Chavez v. Blue Sky Natural Beverage Co.*, No. 06-cv-06609-JSW (N.D. Cal. Oct. 19, 2009), Dkt. 72 at 7 (attached as Exhibit B to Appendix) ("Because Chavez brings a

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB                - 5 -                                    28172\3668233.4

1    class action, issues of fact relating to whether putative class members' claims are barred by

2    statutes of limitations may become relevant. Accordingly, Chavez's motion to strike the fi[f]th

3    affirmative defense is DENIED.").

   **3.**    **Choice Of Law.**

5        In *Mazza v. American Honda Co., Inc.*, 666 F.3d 581 (9th Cir. 2012), the Ninth Circuit

6    held that California consumer protection law could not be applied to a "nationwide" class. For

7    example, while certain California consumer protection laws have no scienter requirement, "other

8    states' consumer protection statutes do require scienter." *Id.* at 591. Each state has a "valid

9    interest in shielding out-of-state businesses from what the state may consider to be excessive

10    litigation." *Id.* at 592. "More expansive consumer protection measures may mean more or

11    greater commercial liability, which in turn may result in higher prices for consumers or a decrease

12    in product availability." *Id.* Thus, even where Honda's U.S. marketing and sales were based in

13    California, the Ninth Circuit reversed class certification because variations in the laws of the 44

14    jurisdictions where the cars were sold could create manageability issues: "Under the facts and

15    circumstances of this case, we hold that each class member's consumer protection claim should

16    be governed by the consumer protection laws of the jurisdiction in which the transaction took

17    place." *Id.* at 594.

18        Ghirardelli's third affirmative defense puts plaintiff on "fair notice" that choice-of-law

19    will be an issue in the case. Plaintiff may be right that plaintiff will have the burden at class

20    certification of showing that California law applies to all class members; he has made claims

21    under California law on behalf of himself and others (even though he himself bought the white

22    chips in Florida). But in light of statements like that in *Downing v. Abercrombie & Fitch*, 265

23    F.3d 994, 1006 (9th Cir. 2001) ("generally speaking the forum will apply its own rule of decision

24    unless a party litigant timely invokes the law of a foreign state"), Ghirardelli took the cautious

25    approach of indicating that it did indeed contend that each class member's claim ought to be

26    governed by the laws of the state where each transaction took place, or the laws of the state where

27    they live.

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB     - 6 -     28172\3668233.4

### 4.   Knowledge Of No Cocoa Butter.

According to a survey by the Food and Drug Administration ("FDA"), 54% of consumers "often" read the list of ingredients when buying a product for the first time; another 23% "sometimes" do.[2]  If as many as 77% of Ghirardelli white chips purchasers read the ingredient list,[3] then those people knew the truth when they decided to pay for the product:  no cocoa butter. The court should not give even a partial refund to people who knew exactly what they were getting:  white chips, not white chocolate.  The affirmative defense gives fair notice that Ghirardelli claims that even if there is a finding of the prima facie elements of plaintiff's claim, this additional fact should preclude liability in whole or in part.

Plaintiff argues this defense should be stricken because plaintiff says he has the burden of proof on the matter.  Great!  If plaintiff is willing to stipulate that he can get no recovery for any class member who knew that the product did not contain cocoa butter, and agrees that he has the burden of proving as part of his case – in the face of the FDA survey and other evidence – that not a single class member became aware, prior to purchasing the chips, that there was no cocoa butter, then we suppose we'd have to agree that the affirmative defense here is superfluous.  But if plaintiff is unwilling to say that – and a careful review of his reply brief will determine whether he offers that stipulation – then the motion should be denied.  Indeed, even if this affirmative

---

[2] FDA, *2008 Health and Diet Survey*, http://www.fda.gov/Food/FoodScienceResearch/ConsumerBehaviorResearch/ucm193895.htm (last visited May 17, 2013) at question C1.  A significant number say they review the ingredients list "to see if something said in advertising or on the package is actually true."

[3] In *Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 665 (1993), the California Court of Appeal affirmed the denial of class certification of a class of purchasers of "fresh" orange juice because (1) benefits to individual consumers from the case would be minimal or nonexistent, and the inability to identify purchasers meant that the primary purpose of the class action was to enrich plaintiff's counsel – the class action was therefore not "superior," and (2) plaintiff said he read only the top portion of the front of the label, which meant he was not typical of those class members that read the other three sides of the carton.  *Id.*  "Caro [did not] show his damages would be typical of those of persons who read the entire label and received the 'from concentrate' orange juice for which they paid."  *Id.*; *see also id.* at 668 ("Indeed, at deposition Caro himself testified that if he had read the bottom part of the three sides of the carton saying 'from concentrate,' he would have concluded it did not contain 'premium' juice.  Moreover, from examining the carton the superior court could reasonably infer only a limited number of consumers would believe they were buying something other than 'from concentrate' juice.  Thus, the court properly concluded the issue whether any asserted misrepresentation induced the purchase of Citrus Hill Fresh Choice orange juice would vary from consumer to consumer.").

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB        - 7 -        28172\3668233.4

1   defense is in fact just a "denial" that plaintiff will meet his burden, the appropriate response is to

2   deny the motion to strike.  *Smith*, 2006 WL 2711468 at *9-10; *Fox*, 20 F.R.D. at 567; Wright &

3   Miller, *supra*, § 1381 at pp. 415-16 (citing cases).

4        **5.**    **Knowledge Of Not White Chocolate.**

5        This is almost the same issue as the fourth affirmative defense; we incorporate the

6   argument from section II.4.  We'll wait for the reply to see if plaintiff really means to say that he

7   has the burden of proving that not even one class member knew that the product was not white

8   chocolate (or put differently, that every class member believed that the product was white

9   chocolate).  If people knew, they shouldn't get their money back – they got what they thought

10  they were getting, and can't obtain relief.  *See Caro*, 18 Cal. App. 4th at 668.

11       **6.**    **Knowledge Of Not Chocolate-Flavored.**

12       This relates to plaintiff's stretch claim that white chips purchasers thought the product was

13  going to taste like chocolate based on the logo.  We incorporate the argument from section II.4.

14       **7.**    **Expectation About White Chocolate Met By Product.**

15       Not everyone uses the term "white chocolate" in the same way.  Some people use it as a

16  generic term to describe a white, sweet, vanilla flavored confection that has a texture similar to

17  chocolate – they don't expect cocoa butter.  Even if those people would mistakenly call the white

18  chips by the term "white chocolate," they don't mean this in the technical 21 C.F.R. § 163.124

19  sense.  They've never heard of that definition.  If you ask them what they think the white chips

20  are, they might look at the package and say "white chocolate chips."  But if you asked them to

21  look at the ingredient list closely, and then asked the same question, they'd say . . . white

22  chocolate chips.  These people get exactly what they expect; the issue isn't whether they think

23  they're getting "white chocolate," it's whether they are getting what they paid for.  Ghirardelli

24  incorporates the arguments from section II.4.

25       **8.**    **[Plaintiff did not move to strike this defense – heading included for consistent**

26               **numbering only]**

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB

- 8 -

28172\3668233.4

9. **Set-Off/Value Received.**

Plaintiff claims he and other class members should receive either a full refund or a partial refund. *See, e.g.,* First Am. Class Action Compl. ("FAC") (Dkt. 24) ¶ 43 ("Plaintiff would not have purchased Defendant's product or, at a very minimum, he would have paid less for the product."), ¶¶ 66, 83 ("the amount they paid for the Fake White Chocolate Chips"), ¶ 97. His request for a full refund will fail, regardless of the merits of the case, because he and other class members did receive a product that had value. After all, people pay good money for white chips from Nestle, Hershey's, and Guittard, as well as Ghirardelli, because people like to make cookies and other baked goods using white chips – even though these products are not "white chocolate."

The California Civil Code provides that "[o]ne defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received . . . ." Cal. Civ. Code § 3343(a). The same standard has been applied to "equitable" restitution claims under section 17200. *See, e.g., Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 531-32 (N.D. Cal. 2012); *In re Facebook, Inc., PPC Adver. Litig.*, 282 F.R.D. 446, 461 (N.D. Cal. 2012) ("[W]ith regard to the UCL claim for restitution, plaintiffs must be able to prove, for each class member, the difference between what the plaintiffs paid and the value of what the plaintiffs received."); *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 131 (2009) ("The difference between what the plaintiff paid and what the plaintiff received is a proper measure of restitution."); *Dunkin v. Boskey*, 82 Cal. App. 4th 171, 198 (2000) ("[A] party seeking restitution must generally return any benefit that it has received.") (quoting *Rest.2d, Contracts*, § 376, com. a, § 384, com.a.).

Plaintiff's argument on the motion to strike is that Plaintiff has the burden of proof on damages. Fine. If this affirmative defense is "nothing more than denials of damages, not an affirmative defense," then the motion is appropriately denied under *Smith* and *Fox, see* argument II.4 above. But if plaintiff intends to argue later that the entire purchase price should be recovered, as he alleged in his complaint, then Ghirardelli is entitled to prove that plaintiff received a product that had value, and ask that any monetary remedy be reduced to take the offset or value received into account.

OPP. TO MOT. TO STRIKE AFF. DEFENSES    - 9 -
CASE NO. 3:12-CV-04936-LB

28172\3668233.4

10. **Failure To Meet Class Action Requirements.**

Under *McArdle, Smith,* and *Fox*, the court should deny the motion as unnecessary. *See McArdle*, 657 F. Supp. 2d at 1150-51 (denying motion to strike affirmative defenses of "no ascertainable class," "predominance," "superiority," and "adequate representation").

11. **Preemption.**

Plaintiff's claims all involve food labeling – an area that is extensively regulated by the FDA. For example, plaintiff asserts that certain label statements are required – "artificial" and "imitation" – under California law. Ghirardelli asserts that those label statements are not required, because of federal law. Federal law says that "imitation" can't be put on a label unless the food is nutritionally inferior with respect to protein content or percentages of nineteen vitamins and minerals. *Grocery Mfrs. of Am., Inc. v. Gerace*, 755 F.2d 993, 997-98 (2d Cir. 1985). Plaintiff has argued that cocoa butter is heart-healthy (Opp. at 15 n.27); Ghirardelli submits that's not part of the test. Reply in Supp. Of Mot. to Dismiss (Dkt. 30) at 9-10. Preemption issues have come up in the case before: plaintiff's claims about the flavor mix and white chocolate flavored confectionary coating wafers, and whether those labels were misleading were, in defendant's view, preempted by the federal regulation governing "flavor" representations. Mot. to Dismiss (Dkt. 7) at 17-21. Ghirardelli thus reasonably expects that preemption issues may continue to arise in the case.

If plaintiff pursues his state law labeling claims in a way that contradicts federal law, preemption is an issue. Precisely what the preemption issue will be, of course, depends on what plaintiff argues. The eleventh affirmative defense appropriately give "fair notice" that this food labeling case may implicate preemption issues. *Cf. Chavez v. Blue Sky*, No. 06-cv-06609-JSW, Dkt. 72 at 6 (denying motion to strike preemption defense in case about deceptive marketing of food products).

12. **Non-Delegation Doctrine.**

Ghirardelli argues that Federal FDA rules on which plaintiff relies are not part of California law, because they were promulgated only after the Legislature adopted the FDA rules. If during the two years left before trial, further precedent supports this argument, Ghirardelli

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB

- 10 -

28172\3668233.4

1    wants to make clear that it continues to assert that this is an issue in the case.  The point of

2    including it in the answer is merely to avoid any arguments about waiver.  If no further law

3    develops, Ghirardelli can merely state its position, and the court can rule the same way based on

4    the prior briefing, preserving the issue for appeal.  But there's no reason to strike the defense at

5    this time.

6         **13.    Reasonable Notice.**

7         See argument II.4 above, and II.17, II.18, and II.23 below.

8         **14.    Failure To State A Claim For Punitive Damages.**

9         This is included to provide "fair notice" that, in the event plaintiff seeks punitive damages,

10   defendant intends to invoke every legal argument available to it, including constitutional

11   arguments.  Like *McCardle*, *Smith*, and *Fox*, the Court should wait until there's a real issue to be

12   decided; the motion to strike should be denied.  *See also Smith*, 2006 WL 2711468 at *6 (denying

13   motion to strike affirmative defenses that (1) complaint failed to state facts sufficient to justify

14   award of punitive damages, and (2) claim for punitive damages seeks a remedy that is

15   unconstitutional).

16        **15.    Inadequate CLRA Notice.**

17        California Civil Code section 1782, part of the Consumer Legal Remedies Act, provides

18   that  "(a) Thirty days or more **prior to the commencement of an action** for damages . . ." the

19   consumer should send a notice, which "shall be in writing and shall be sent by certified or

20   registered mail, return receipt requested . . ."  Cal. Civ. Code § 1782(a) (emphasis added).  "The

21   clear intent of the act is to provide and facilitate **precomplaint** settlements of consumer actions

22   wherever possible and to establish a limited period during which such settlement may be

23   accomplished.  This clear purpose may only be accomplished by a literal application of the notice

24   provisions."  *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 41 (1975) (quoted in

25   *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005) (dismissing CLRA damages

26   claim with prejudice for failure to provide prelitigation notice)); *but see Morgan v. AT&T*

27   *Wireless Services, Inc.*, 177 Cal. App. 4th 1235, 1261 (2009).

28        In the fifteenth affirmative defense, Ghirardelli points out that plaintiff failed to send the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES          - 11 -
CASE NO. 3:12-CV-04936-LB                                                    28172\3668233.4

1   required prelitigation notice – and this will eventually bar the CLRA claim for damages.  Plaintiff

2   here was trigger-happy:  he sued on August 17, 2012 without having sent any letter beforehand.

3   Thus, even if he sent a letter on August 17, 2012,[4] he didn't do so "thirty days or more prior to the

4   commencement of an action . . . ."  Similarly, plaintiff's original complaint purported to "hereby

5   provide[] Defendant[] with notice . . ." – *see* Class Action Compl. ¶ 68 – but the problem with

6   that is that it doesn't satisfy the statutory requirements.  The point of the CLRA notice is to

7   promote "precomplaint settlements . . . wherever possible"; it defeats the purpose for plaintiff to

8   start litigation and only *then* give notice.

9       **16.    Good Faith/Compliance With Law/Due Care.**

10          If Ghirardelli's violation of section 17200 is not due to intentional misconduct – if instead,

11  it reasonably produced a product that others think is potentially misleading, but it did so with a

12  pure heart – then that could inform the court's decision about the appropriate equitable remedy.

13  This defense gives "fair notice" that Ghirardelli considers its good faith to be relevant to whether

14  plaintiff should obtain the remedy he seeks.  *See McArdle*, 657 F. Supp. 2d at 1150-51 (denying

15  motion to strike "boilerplate" defenses of "justification or privilege" and "business judgment" in

16  consumer class action).  Alternatively, if construed as merely a denial of plaintiff's allegation of

17  fraudulent intent, the motion to strike should be denied under *Fox* and *Smith*.

18      **17.    Failure To Give Notice Of Breach.**

19          Under the UCC, which governs sales of goods, where a buyer has accepted goods, "[t]he

20  buyer must, within a reasonable time after he or she discovers or should have discovered any

21  breach, notify the seller of breach or be barred from any remedy."  Cal. Comm. Code §

22  2607(3)(A); *see also Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 184

23  (1999) ("[A] plaintiff may not bring an action under the unfair competition law if some other

24  provision bars it.").  Plaintiff claims he discovered that the goods weren't what he thought – i.e.,

25  were non-conforming – on June 25, 2012, the day after he bought them.  FAC ¶ 42.  Ghirardelli

---

26  [4]  Plaintiff's CLRA letter has another problem, too.  He sent it to "CT Corporation," which is an
    agent for service of process.  The CLRA is specific about where CLRA letters are to be sent:  "to
27  the place where the transaction occurred or to the person's principal place of business within
    California."  Cal. Civ. Code § 1782(a).  Plaintiff never did that.

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB

- 12 -

28172\3668233.4

alleges, in the seventeenth affirmative defense, that Miller didn't thereafter claim breach, for example, by calling and complaining to the company, before filing suit. *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135 (2008) ("One of the important policies underlying the notice requirement is to afford the seller an opportunity to engage in settlement discussions and prepare for litigation. [Citations.]  In this case . . . the first time Cardinal provided any notice to T&B was when Cardinal served its lawsuit. . . .  This did not comply with the statutory requirement.").

Whether this defense is valid will be tested on summary judgment.  Ghirardelli suspects that discovery will reveal that the facts it pleads in this defense – that no one, including the plaintiff, gave it pre-litigation notice of dissatisfaction with their purchase – will be undisputed. Plaintiff is on "fair notice" that the failure to give pre-litigation notice is an issue in the case.

### 18.    Acceptance Of Goods After Reasonable Opportunity To Inspect.

This defense is similar to number 17 above, but is based on UCC sections 2601 and 2607.

### 19.    Failure To Rescind/Timeliness Of Rescission.

Plaintiff claims a right to a full refund of the $3.29 he paid for the chips.  In effect, he seeks to rescind the transaction.  California Civil Code sections 1691-1693 provide requirements for rescission, including an offer to return the consideration.  Florida law is likely similar; these requirements were developed in the courts of equity in England.  We don't yet know what happened to the chips; for all we know, after reading the ingredient list, plaintiff went right on consuming them.  Plaintiff is on fair notice of this defense.

### 20.    Mootness.

In order to cut off future complaints Ghirardelli has changed the white chips package – deleting the first sentence from the romance language, and the reference to "finest grind."  (We strongly suspect that sales will be unaffected, further proving that the statements were immaterial to Ghirardelli's success.)  Whether this means injunctive relief is moot or not will be a question for another day.  Plaintiff has fair notice that mootness is an issue.

### 21.    Puffing.

"Puffing" is just another way of saying that plaintiff complains of certain statements – like

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB

- 13 -

28172\3668233.4

1    "classic" or "bliss" – that aren't actionable.  This defense is essentially a denial of plaintiff's

2    allegations, and the motion should be denied under *Fox* and *Smith*.

3        **22.    Lack Of Standing.**

4        Ghirardelli hasn't yet taken plaintiff's deposition.  For all Ghirardelli knows, plaintiff

5    knew the white chips weren't white chocolate when he bought them.  Maybe, like 77% of

6    Americans, he read the ingredient list before he bought the product; he does admit he looked at

7    the back of the package.  FAC ¶ 41.  If plaintiff wasn't damaged, he can't sue.  Standing is not

8    just a pleading question, because sometimes the allegations of the complaint aren't true.

9        Meanwhile, there is a substantial issue about whether, in federal court, absent class

10   members can obtain relief when they themselves lack standing.  A class action is just a procedural

11   device, and cannot expand substantive rights.  If an unnamed class member couldn't sue and

12   obtain relief on their own – because they lack standing – then they can't obtain relief by tagging

13   along for the ride on the class action filed by plaintiff.  *See Denney v. Deutsche Bank AG*, 443

14   F.3d 253, 264 (2d Cir. 2006) ("At the same time, no class may be certified that contains members

15   lacking Article III standing. . . . The class must therefore be defined in such a way that anyone

16   within it would have standing."); *In re Light Cigarettes Mktg. Sales Practices Litig.*, 271 F.R.D.

17   402, 420 (D.Me. 2010) (denying class certification on 17200 claim based on Article III standing

18   issue:  "Each state's class effectively includes everyone who purchased light cigarettes in the

19   respective limitations periods, and this group necessarily includes class members who knew light

20   cigarettes were not healthier than other cigarettes, notwithstanding Defendants['] alleged

21   representations to the contrary.  Those class members were not injured by the Defendants'

22   misconduct and thus do not have standing."); *Oshana v. Coca-Cola Bottling Co.*, 225 F.R.D. 575,

23   581 (N.D.Ill. 2005) ("Oshana alleges class membership is based on an objective action – the

24   purchase of a fountain diet Coke in Illinois during a five year period.  However, a class definition

25   that includes individuals who purchased fountain diet Coke with full knowledge that fountain diet

26   Coke contains saccharin is clearly inappropriate" because such class members lack Article III

27   standing to recover); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) (customer who

28   bought product based on loyalty and satisfaction with other Apple products lacked Article III

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB                    - 14 -                    28172\3668233.4

1   standing); *cf. Ries*, 287 F.R.D. at 535-36 (discussing split of authority on how and whether to

2   evaluate standing of absent class members).

3         Standing will be a real issue in the case, and the answer puts plaintiff on fair notice.

4   Whether the standing argument is valid or not should be a fight for another day.  The motion to

5   strike this defense should be denied.  *See McArdle*, 657 F. Supp. 2d at 1150-51 (denying motion

6   to strike "lack of standing" defense).

7         **23.    Contributory Fault.**

8         If people really care whether white chips contain cocoa butter, they should read the

9   ingredient list.  If they don't, and then are later disappointed that the product contained no cocoa

10  butter, they should justly be told "you should have read the ingredient list if it was so important to

11  you."  They should not bring a lawsuit, and they should recover nothing if they do bring a lawsuit.

12  This defense is adequately pleaded.  *See McArdle*, 657 F. Supp. 2d at 1150-51 (denying motion to

13  strike "boilerplate" defense of "comparative fault or offset" as insufficiently pleaded); *Smith*,

14  2006 WL 2711468 at *5 ("A plea that simply states that complainant was guilty of contributory

15  negligence . . . is sufficient," quoting *American Motorists Ins. Co. v. Napoli*, 166 F.2d 24, 26 (5th

16  Cir. 1948); denying motion to strike where affirmative defense provided fair notice of

17  comparative negligence defense).

18        **24.    Equitable Defenses.**

19        The California Supreme Court has said that equitable defenses, including laches, good

20  faith, waiver, and estoppel, should be considered in determining the appropriate remedy in a

21  section 17200 case, and that restitutionary relief is not mandatory in every case.  *Cortez v.*

22  *Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 179 (2000).  In so holding, the court rightly

23  stated "[a] court cannot properly exercise an equitable power without consideration of the equities

24  on both sides of a dispute."  *Id.*

25        There are potentially hundreds of thousands of class members.  We can't know which

26  equitable defenses apply to each one, but discovery may begin to identify that some equitable

27  defenses apply to at least some plaintiffs, perhaps even the named plaintiff.  For example, certain

28  class members may have unreasonably delayed complaining about the issue, making it

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES        - 15 -
CASE NO. 3:12-CV-04936-LB                                    28172\3668233.4

1   inequitable to give them restitution even if their claim is otherwise within the statute of

2   limitations. A consumer who bought the product two years ago, took it home, tasted it, looked at

3   the ingredient list, realized it wasn't white chocolate, and then threw away the package and the

4   receipt (destroying the evidence from which it could be determined whether they purchased the

5   product, how much they paid, and whether they paid more than they would have paid on that day

6   for a similar product) could be estopped or barred by laches from recovery. *McArdle*, 657 F.

7   Supp. 2d 1140, 1150-51 (N.D. Cal. 2009) (denying motion to strike "boilerplate" defenses of

8   laches, estoppel, and waiver as insufficiently pleaded; boilerplate pleading was sufficient for

9   "short and plain" statement); *cf. Chavez v. Blue Sky*, 06-cv-06609-JSW, Dkt. 72 at 3-4 (denying

10  motion to strike affirmative defense that complaint is barred by doctrines of estoppel, waiver, or

11  laches; affirmative defense gave fair notice); *Smith*, 2006 WL 2711468 at *13 (defense stating

12  "the claims of the plaintiffs are barred by the doctrine of laches and/or acquiescence" was

13  sufficient to provide "fair notice" of the defense; motion to strike denied).[5]

14          **25.    Failure To Minimize Damages.**

15          If after buying the white chips on June 24, and allegedly disliking them on June 25, Mr.

16  Miller went back the next week and bought some more, he failed to mitigate his damages. *See*

17  *Chavez v. Blue Sky*, 06-cv-06609-JSW, Dkt. 72 at 5-6 (denying motion to strike affirmative

18  defense of failure to mitigate damages, based on allegation that plaintiff "failed to mitigate

19  damages by reasonable inquiry into facts that were evident on the product itself . . . but allegedly

20  continued to purchase the beverages over a period of years."); *Board of Trustees*, 2007 WL

21  2070355 at *2-3 (affirmative defense adequately alleged where it said only "[p]laintiffs, though

22  under a duty to do so, have failed and neglected to mitigate their alleged damages, and therefor,

23  cannot recover against this answering Defendant, whether as alleged or otherwise"; "Defendant's

24  _____

[5] Note that *Smith* did grant the motion to strike, with leave to amend, as to an affirmative defense
25  that asserted that the complaint was "barred in whole or in part by the doctrines of release, accord
    and satisfaction, waiver or estoppel, ratification, acquiescence, settlement, consent, agreement
26  and payment." 2006 WL 2711468 at *8. It appears that invoking ten doctrines in the same
    sentence might be too many to give fair notice; Judge Armstrong separately approved in the same
27  opinion of the shorter defense "laches and/or acquiescence" as adequately pleaded. We submit
    that under *Chavez v. Blue Sky*, *McArdle*, and *Smith*, the twenty-fourth affirmative defense can
    proceed as pleaded.

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES          - 16 -                                    28172\3668233.4
CASE NO. 3:12-CV-04936-LB

1    pleading adequately informs plaintiff of the issue raised." (Citations omitted.)

2           Indeed, if after disliking the white chips on June 25, Mr. Miller didn't call Ghirardelli on

3    the phone, and tell them he was unhappy so that the company could help solve his problem in a

4    reasonable way (Ghirardelli has a complaint line, and resolves consumer complaints amicably and

5    economically short of suit), he failed to mitigate his damages.

6           The precise facts of how Mr. Miller failed to mitigate, and how other class members failed

7    to mitigate, is a question for another day.  Plaintiff is on fair notice that the routine defense that

8    plaintiff failed to mitigate damages is an issue in the case.

9    **III.    LEAVE TO AMEND**

10          If the motion is granted as to any of the affirmative defenses, leave to amend should be

11   granted so that any deficiency in the pleading can be addressed.  *See* Wright & Miller, *supra*, §

12   1381 at p. 431 ("When a motion under Rule 12(f) to strike a defense as insufficient is granted, it

13   often is with leave to amend, as is true of the practice under Rule 12(b)(6) when a complaint is

14   dismissed as insufficient.").

15   **IV.    CONCLUSION**

16          For the foregoing reasons, the motion to strike twenty-four of Ghirardelli's affirmative

17   defenses – all except defense number 8 – should be denied.  In the alternative, leave to file an

18   amended answer should be granted.

19   Dated:  May 22, 2013                          FARELLA BRAUN + MARTEL LLP

20

21                                                 By:  /s/ Thomas B. Mayhew

22                                                      Thomas B. Mayhew

23                                                 Attorneys for Defendant
                                                   GHIRARDELLI CHOCOLATE COMPANY

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

OPP. TO MOT. TO STRIKE AFF. DEFENSES
CASE NO. 3:12-CV-04936-LB                          - 17 -                          28172\3668233.4