UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SCOTT MILLER, an individual, on behalf of himself, the general public and those similarly situated,<br><br>Plaintiff,<br>v.<br>GHIRARDELLI CHOCOLATE COMPANY, and DOES 1 THROUGH 50,<br>Defendants._____/ | No. C 12-04936 LB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>[ECF No. 40] |

**INTRODUCTION**

In this putative class action, Plaintiff Scott Miller bought a package of "Ghirardelli® Chocolate Premium Baking Chips – Classic White" believing it to contain white chocolate chips and later discovered that the baking chips were not white chocolate. He filed suit alleging that Ghirardelli labeled these baking chips and four other products as containing chocolate or white chocolate when they contain neither and failed to comply with state and federal labeling regulations. After the court dismissed Miller's claims to the extent they were based on products other than the baking chips, Ghirardelli filed an answer. ECF No. 38.[1] Ghirardelli's Answer asserted 25 affirmative defenses, 24 of which Miller now moves to strike as either insufficiently pleaded, or immaterial and impertinent.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the page.

*See* Motion to Strike ("Motion"), ECF No. 40. For the reasons discussed below, the court **DENIES** the motion.[2]

## STATEMENT

### I. BACKGROUND ALLEGATIONS[3]

Ghirardelli is a California corporation that manufactures and markets premium chocolate products and non-chocolate products. First Amended Complaint ("FAC"), ECF No. 24, ¶¶ 3, 9, 13. Scott Miller is an individual who resides in Auburndale, Florida. *Id.* ¶ 2. In the FAC, Miller accuses Ghirardelli Chocolate of misleading consumers regarding the chocolate content of several of its products.

On June 24, 2012, Miller wanted to buy white chocolate chips and ultimately bought "Ghirardelli® Chocolate Premium Baking Chips – Classic White" ("baking chips"). *Id.* ¶¶ 40-41. In deciding which product to purchase, Miller reviewed the product packaging to satisfy himself that he was buying white chocolate. *Id.* ¶ 41. The next day, Miller tasted the baking chips and thought that they did not taste like white chocolate. *Id.* ¶ 42. He reviewed the ingredients list on the packaging and noticed that the white chips contained no white chocolate, cocoa, or cocoa butter. *Id.* Miller claims that he would not have purchased the baking chips or would have paid less for them but for Ghirardelli Chocolate's allegedly misrepresenting (by omission and commission) their content. *Id.* ¶ 43.

Miller seeks to represent a class of allegedly similarly situated persons, defined as:

> All persons who, between August 17, 2008 and the present, purchased, in the United States, any of the following products that have the word "Chocolate" on the primary display panel: "Ghirardelli® Chocolate Premium Baking Chips – Classic White.[4]

*See id.* ¶ 44. He states four claims: (1) violation of the Consumers Legal Remedies Act ("CLRA"),

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument.

[3] The April 5, 2013 Order Granting Defendants Motion to Dismiss for Products Plaintiff Did Not Purchase thoroughly summarizes the relevant factual allegations. *See* Order, ECF No. 37. For purposes of this Order, the court presumes that the parties are familiar with the facts.

[4] The proposed class definition in the FAC lists several products but Miller does not have standing to assert those claims. *See* Order, ECF No. 37.

Cal. Civ. Code § 1750, *et seq.*; (2) violation of the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; (3) common law fraud, deceit, and/or misrepresentation; and (4) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq. Id.* ¶¶ 53-98.

## II. PROCEDURAL HISTORY

Miller filed suit in San Francisco County Superior Court on August 17, 2012. *See* Complaint, ECF No. 1 at 11. Ghirardelli removed on September 21, 2012. *See* Notice of Removal, ECF No. 1 at 1. On October 19, 2012, Plaintiffs moved to dismiss the Complaint. Motion to Dismiss, ECF No. 7. The court granted, in part, the motion to dismiss on the ground that Miller lacked standing for products he had not purchased. *See* Order, ECF No. 20 at 18. The analysis – based on the allegations in the complaint – was that the products were too different, and their packaging too dissimilar, from the baking chips that Miller did buy. *Id.* at 10-13. After Miller amended the complaint and Ghirardelli again moved to dismiss, the court again held that – based on the facts presented – Miller lacked standing to sue based on the products he did not purchase. *See* Order, ECF No. 37. The court denied Ghirardelli's motion in all other respects. *See id.*

Ghirardelli filed its Answer on April 19, 2013, ECF No. 38. The Answer alleges 25 affirmative defenses as follows:

| Defense No. | Affirmative Defense |
| --- | --- |
| 1 | Failure to State a Cause of Action |
| 2 | Statute of Limitations |
| 3 | Choice of Law |
| 4 | Knowledge of No Cocoa Butter |
| 5 | Knowledge of Not White Chocolate |
| 6 | Knowledge of Not Chocolate-Flavored |
| 7 | Expectation About White Chocolate Met by Product |
| 8 | Purchase for Re-Sale or Economic Use |
| 9 | Set-Off/Value Received |
| 10 | Failure to Meet Class Action Required |
| 11 | Federal Preemption |

| | |
|---|---|
| 12 | Non-Delegation Doctrine |
| 13 | Reasonable Notice |
| 14 | Failure to State a Claim for Punitive Damages |
| 15 | Inadequate CLRA Notice |
| 16 | Good Faith/Compliance with Law/Due Care |
| 17 | Failure to Give Notice of Breach |
| 18 | Acceptance of Goods After Reasonable Opportunity to Inspect |
| 19 | Failure to Rescind/Timeliness of Rescission |
| 20 | Mootness |
| 21 | Puffing |
| 22 | Lack of Standing |
| 23 | Contributory Fault |
| 24 | Equitable Defenses |
| 25 | Failure to Minimize Damages |
| N/A | Reservation of Right to Add Affirmative Defenses |

*See* Answer, ECF No. 38 at 13-18. On May 8, 2013, Miller filed the pending motion to strike 24 of 25 affirmative defenses as well as language preceding them that Ghirardelli reserves the right to add affirmative defenses later. *See* Motion, ECF No. 40.

**ANALYSIS**

**I. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). Motions to strike "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution of the merits." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). The ultimate decision under Rule 12(f) lies within the sound discretion of the court. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on*

*other grounds*, 51 U.S. 517, 534-35 (1994).

A court may strike as redundant, immaterial, or impertinent defenses that are not actually affirmative defenses. A defense is "redundant" if it includes allegations that are wholly foreign to the issues involved or the needless repetition of allegations. *Sliger v. Prospect Motg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011). An immaterial defense is one that has no bearing on the controversy before the court. *See Fantasy*, 984 F.2d at 1527. An impertinent defense includes allegations that are non-responsive or irrelevant. *Id.* More specifically, "[a] defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1081, 1088 (9th Cir. 2002).

"[C]ourts differ on whether prejudice is a required element of the motion," but "a motion to strike is usually a waste of time and money without such a showing!" William Schwarzer, *et al.*, California Practice Guide: Federal Civil Procedure Before Trial § 9:376 (2013). In many cases, the obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice. *Id.*; *see also Ganley v. County of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (motions to strike are proper even if their only purpose is to make the issues less complicated and to "streamline the ultimate resolution of the action").

Motions to strike can also be used to challenge affirmative defenses as insufficiently pleaded. An affirmative defense is insufficiently pleaded if it fails to give the plaintiff fair notice of the nature of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Courts in this district consistently have applied the *Twombly-Iqbal* pleading standard to the pleading of affirmative defenses, requiring a defendant to allege enough facts to state a claim to relief that is plausible on its face. *See Barnes*, 718 F. Supp. 2d at 1171-73; *J&J Sports Productions, Inc. v. Mendoza-Govan*, No. C 10–05123 WHA., 2011 WL 1544886, at *1 (N.D. Cal. Apr. 25, 2011); *J&J Sports Productions, Inc. v. Coyne*, No. C 10-04206 CRB, 2011 WL 227670, at *2 (N.D. Cal. Jan. 24, 2011). This is to "weed out the boilerplate listing of affirmative defenses which is commonplace in most defendant's pleadings." *Barnes,* 718 F. Supp. 2d at 1172. In other words, the simple listing of "a series of conclusory statements asserting the existence of an affirmative defense without stating a

1 reason why that affirmative defense might exist" is not sufficient. *Id.*

## II. ALLEGEDLY REDUNDANT, IMMATERIAL, AND IMPERTINENT DEFENSES

Miller moves to strike 13 of the affirmative defenses as well as Defendant's "reservation of rights" as not actually affirmative defenses. *See* Motion at 11. He contends that some of the affirmative defenses are "merely arguments" (3 & 10), others are "nothing more than denials" (4-7, 9, 11, 13-14, & 21), or are meaningless (16), and the rest are "not really affirmative defense[s] at all" (1, 2, 20 & 22). *See* Motion at 11-14; Reply at 15, 17. Miller does not suggest that striking these affirmative defenses would prevent unnecessary discovery. To the contrary, he argues that he bears the burden of proof on many of these issues.

The court has discretion to grant a motion to strike "for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." *See Fantasy*, 984 F.2d at 1527. But Miller cites no authority compelling the court to grant the motion where, like here, it would serve no real purpose. Accordingly, to preserve party and judicial resources, the court exercises its discretion to deny Miller's motion to strike as to affirmative defenses 1, 3-7, 9-10, 13, 16, and 21-22. The court also denies the motion to strike Ghirardelli's purported "reservation of rights" for the same reason. *See* Answer at 13; Motion at 19-20. Because Miller argues that the court should also strike affirmative defenses 2, 11-12, 15, 17-20, and 23-25 as insufficiently pleaded, it addresses those below.

## III. INSUFFICIENTLY PLEADED DEFENSES

Miller moves to strike other affirmative defenses as insufficiently pleaded in that they are not supported by plausible factual allegations sufficient to put him on notice of the basis for the defense. Motion at 14. Ghirardelli opposes the motion to strike as "not a good use of anyone's time" and on the merits of the specific affirmative defenses. *See* Opp'n at 6-22. The court turns to the question of whether the specific affirmative defenses are insufficiently pleaded.

### A. Statute of Limitations (#2)

Miller argues that Ghirardelli's statute of limitations affirmative defense should be stricken as insufficiently pleaded because it does not explain how any of the claims expired. Motion at 14. Ghirardelli counters that the Answer puts Miller on "fair notice" of the defense by identifying some

of the applicable statutes of limitations and explains that the class period is longer than the limitations periods that may apply to absent class members and also that the precise limitations period depends on a choice of law analysis. Opp'n at 10-11; *see* Answer at 13-14. The court agrees that this is sufficient, and Miller cites no cases striking similarly specific defenses. *See* Reply at 15. To the extent Miller argues that the defense fails on its merits, that is an argument for summary judgment. *Cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

### B. Preemption (#11)

Miller next moves to strike the 11th affirmative defense, which states: "[t]he claims are barred to the extent that they are preempted by federal law, including specifically by FDA labeling requirements and the prohibition on private rights of action to enforce FDA rules." Answer at 38; Motion at 14-16. Miller argues that there is a presumption against preemption and that Ghirardelli does not explain the basis for preemption. In reply, however, he implicitly concedes that preemption could apply regardless of how it is pleaded. *See* Reply at 15 ("[I]f Plaintiff pursues his claim in a manner that contradicts federal law, he will lose. Problem solved."). Accordingly, the court denies the motion to strike the 11th affirmative defense

### C. Non-Delegation Doctrine (#12)

Ghirardelli's non-delegation doctrine defense is that "[t]he claims based on incorporation of federal FDA rules into California law fails to the extent those rules were promulgated after the adoption by the California Legislature of the California legislation." Answer at 16. The court rejected Ghirardelli's argument in the order on the motion to dismiss. *See* ECF No. 37 at 21. Miller argues that Ghirardelli should not assert it as a defense because the court rejected it before. Motion at 16. Still, Miller does not identify any prejudice caused by keeping the allegation in the answer so the court exercises its discretion to deny the motion to strike this defense.

### D. Inadequate CLRA Notice (#15)

In the 15th affirmative defense, Ghirardelli asserts that "Plaintiff, and any class members, are barred from recovering damages under the Consumer Legal Remedies Act because Plaintiff failed to provide the notice and demand required by Cal. Civ. Code § 1782. Answer at 17. Miller claims this

is insufficient because it is boilerplate and because he complied with Cal Civ. Code § 1782. Motion at 16. In subsequent briefing, the parties dispute whether notice was sufficient and whether that is remediable. *See* Opp'n at 13-14; Reply at 16-17. In the absence of an evidentiary record, the court will not consider the merits of this dispute in a motion to strike. *Cf. Celotex*, 477 U.S. at 324 (1986). In any event, Ghirardelli's answer is sufficient to give Miller notice of the issue and given the limited set of variables involved in the CLRA notice requirements, further detail is not necessary to satisfy Rule 8. Accordingly, the motion is denied as to affirmative defense number 15.

### E. Failure to Give Notice of Breach (#17)

The 17th defense states that Miller and other class members who did not give Ghirardelli pre-suit notice of non-conformity cannot recover. Answer at 17. In a footnote to his motion, Miller states that this defense should be stricken because he is not aware of any such requirement. Motion at 16 n.2. In opposition, Ghirardelli counters that this defense is based on UCC provisions that it claims bar recovery under the Unfair Competition Law and that these allegations are sufficient. Opp'n at 14-15. Here, the court agrees that this allegation is broad. *See G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *3 (N.D. Cal. Sept. 23, 2010). At the same time, Miller did not argue any real prejudice. Under the circumstances, the court declines to strike the 17th affirmative defense.

### F. Acceptance of Goods After Opportunity to Inspect (#18) and Failure to Inspect (#19)

In his motion, Miller makes no substantive argument explaining why the court should strike these two affirmative defenses. Instead, he lumps them together with a discussion regarding the contributory fault defense (discussed below). *See* Motion at 16-17 (mentioning defenses 18 and 19 in section heading only). Ghirardelli explains its theory in its opposition, and Miller argues their merits in reply. Opp'n at 13; Reply at 11. On this record, and without substantive arguments regarding why they are insufficiently pleaded, the court cannot tell that these defenses are inapplicable. The court denies the motion to strike them.

### G. Mootness (#20)

The 20th affirmative defense states: "[i]njunctive relief is not necessary or appropriate because voluntary changes in the label and website have rendered the requested relief moot." Answer at 18.

Miller contends that the court should strike it because (1) this is a denial rather than an affirmative defense, (2) Ghirardelli should have describe those changes, and (3) injunctive relief would still be available. Motion at 17-18; Reply at 17. The court denies the motion to strike for several reasons. First, if mootness is a denial rather than an affirmative defense, the court declines to strike it as a waste of resources. Second, if it is an affirmative defense, then the Answer provides sufficient detail for pleading purposes. Finally, at this stage of the proceedings, the court need not resolve the parties' legal dispute on the merits.

**H. Contributory Fault (#23), Equitable Defenses (#24), and Failure to Minimize Damages (#25)**

Miller moves to strike Ghirardelli's final three affirmative defenses as insufficiently pleaded. Ghirardelli's final three defenses are as follows:

> 23. Contributory Fault: The recovery of Plaintiff and/or other class members is barred and/or should be reduced because of contributory negligence or fault and/or comparative negligence or fault.
>
> 24. The FAC, and each cause of action alleged therein, is barred by the doctrines of unclean hands, estoppel, waiver, and laches.
>
> 25. Plaintiff, and any class members, failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages, and therefore, may not recover for losses that could have reasonably prevented.

Answer at 18.

Miller moves to strike these defenses as unsupported by factual allegations. Motion at 16-19. A motion to strike is appropriate where an answer asserts an affirmative defense consisting of "the bare statement of a legal doctrine lacking any articulated connection to the claims" in the case. *G&G Closed Circuit Events, LLC*, 2010 WL 3749284, at *3; *Mendoza-Govan*, 2011 WL 1544886, at *4; *see also Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (striking affirmative defense alleging estoppel where the defense did not set forth either the elements of the doctrine or the facts supporting its application).

Ghirardelli's counter-argument is that these defenses are often alleged in boilerplate fashion, which is a common practice. *See* Opp'n at 20-2. That is true. Still, the court is not unsympathetic to Miller's point that he is entitled to notice sufficient to oppose this defense. The court also

recognizes the implicit equities argument that is at play here: the court took a hard look at the fact allegations in the complaint in the context of a standing argument that Miller thought would be better illuminated at the class certification stage after discovery. Given that posture, and *Iqbal*'s and *Twombly*'s application to the affirmative defenses, then Miller doubtless thinks the same hard look should apply here, too.

Those are fair points. Still, it is different in the context of this motion to strike and these defenses. The court's view is that the answer here is viewed in the context of the complaint, and there is fair notice of the defenses. There also is the reality of no prejudice and no real discovery burden. The court denies the motion to strike defenses 23-25.

## IV. CONCLUSION

The court **DENIES** the motion to strike. This disposes of ECF No. 40.

**IT IS SO ORDERED.**

Dated: June 19, 2013

_____
LAUREL BEELER
United States Magistrate Judge