UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| SCOTT MILLER, an individual, on behalf of himself, the general public and those similarly situated,<br><br>                Plaintiff,<br>   v.<br><br>GHIRARDELLI CHOCOLATE COMPANY, and DOES 1 THROUGH 50,<br><br>                Defendants. | No. C 12-04936 LB<br><br>**ORDER GRANTING GHIRARDELLI'S MOTION TO SEAL, OVERRULING STEVE LEYTON'S OBJECTIONS, AND DENYING STEVE LEYTON'S REQUEST FOR RECONSIDERATION**<br><br>[ECF Nos. 68 & 70] |

In this putative class action, Plaintiff Scott Miller accuses Defendant Ghirardelli Chocolate Company of violating consumer protection laws and state and federal labeling regulations by labeling its "Ghirardelli® Chocolate Premium Baking Chips – Classic White" as containing white chocolate when they do not. On October 11, 2013, Steve Leyton, a third-party who is represented by the same attorneys as Miller, filed a motion to intervene and to file an amended complaint. Motion, ECF No. 58.[1] Miller joined Leyton's motion. *Id.* This order concerns the parties' disputes regarding what material should be filed under seal.

**STATEMENT**

Along with his motion to intervene and amend, Leyton filed an administrative motion to file

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-04936 LB
ORDER

1 portions of the motion and its supporting documents under seal. *See* Admin. Mot. to Seal, ECF No.
2 57. Leyton's sealing motion explained that the motion to intervene and some supporting documents
3 rely on information that Miller's attorneys learned during discovery in this action and that
4 Ghirardelli designated as confidential or highly confidential under the protective order. *See, id.*;
5 Motion to Intervene, ECF No. 59-1 at 9. On October 16, Ghirardelli filed an administrative motion
6 and declaration supporting Mr. Leyton's proposed redactions. *See* ECF No. 63. Two days later, the
7 court advised the parties that it would grant the pending administrative motions to file under seal and
8 asked Ghirardelli to send the court a word processible version of the chart attached to its
9 administrative motion. *See* 10/18/2013 Docket Entry. Ghirardelli complied and the court granted
10 the motions to seal on October 22, 2013. *See* Order, ECF No. 64.

11 On October 24, Ghirardelli filed its opposition to Leyton's motion to intervene along with an
12 administrative motion to seal portions of its opposition brief. *See* ECF Nos. 65-66. Neither Leyton
13 nor Miller opposed Ghirardelli's administrative motion and the court granted it on October 30, 2013.
14 *See* Order, ECF No. 67.

15 On October 31, 2013, Leyton filed his reply brief along with another administrative motion to
16 seal portions of the reply brief. ECF Nos. 68, 68-1. In this sealing motion, Leyton explains that he
17 filed it only because Ghirardelli designated some of the underlying documents as confidential. ECF
18 No. 68 at 1. Unlike the previous sealing motions, however, Leyton now states that "Plaintiffs[2]
19 disagree with the confidentiality designations and do not believe there is good cause to seal as to
20 much of the information." *Id.* Finally, on November 4, 2013, Ghirardelli filed an administrative
21 motion in support of sealing the reply brief. ECF No. 70.

## ANALYSIS

23 In the pending motion, Leyton explains that he asks the court to file documents under seal only
24 because Ghirardelli designated the information confidential in the *Miller* case. *See* Motion, ECF No.
25 68. Leyton argues that the court should not seal portions of the seven lines of the reply brief that
26 Ghirardelli contends have confidential information. *See id.*; Reply, ECF No. 68-5. He also asks the

---

28 [2] Leyton refers to himself and Plaintiff Miller, collectively, as Plaintiffs. *See* ECF No. 68 at 1.

C 12-04936 LB
ORDER 2

1 court to reconsider and narrow its previous sealing orders regarding his motion to intervene,
2 Ghirardelli's opposition, the proposed amended complaint, and the exhibits filed in support of those
3 documents.

4 In its own motion to seal, Ghirardelli argues that the court should affirm its confidentiality
5 designations and that Leyton's request that the court reconsider its previous orders is untimely and
6 that it contradicts his arguments in support of the motion to intervene. ECF No. 70.

7 As for the motion to seal Leyton's reply brief, Ghirardelli moves to seal the specific details of
8 Leyton's proposed claims. *See* Barron Decl., ECF No. 70-1 at 2. In his motion to intervene and
9 amend, Leyton proposes to add a number of labeling claims that relate to particular ingredients
10 allegedly used in certain Ghirardelli products. Allegations in support of the claims are derived from
11 confidential information that his attorneys obtained in the *Miller* action before Leyton even
12 purchased the products. *See* Motion to Intervene at 8-10. If Leyton's attorneys had not seen
13 Ghirardelli's confidential documents in this case, apparently they would not have been able to make
14 the derivative allegations that support Leyton's claims. In order to prevent the backdoor disclosure
15 of this confidential information to competitors and enterprising lawyers, the court upholds
16 Ghirardelli's confidentiality designations (at least for now) and GRANTS the motion to seal in its
17 entirety. Apparently without objection from the parties, the court granted the previous motions to
18 seal for the same reasons.

19 Now, Leyton argues that the court ruled before it had the chance to oppose Ghirardelli's sealing
20 motions. ECF No. 68 at 2-3. The timeline does not support that argument. Leyton filed the final
21 version of his first motion to seal on October 11. On October 16, Ghirardelli (the designating party)
22 filed the declaration required by Civil Local Rule 79-5(e)(1) along with an administrative motion to
23 seal.[3] Two days after that, the court issued a clerk's notice stating its intent to grant the motions to
24 seal. The court did not grant the motion, however, until October 22, 2012. Leyton never objected to
25 Ghirardelli's confidentiality designations until the pending motion. Thus, the objections that Leyton

---

[3] The October 1, 2013 amendments to rule 79-5 shortened the time for a designating party to file a responsive declaration from seven to four days. Under these circumstances, and in the absence of any prejudice to Leyton, the court excuses Ghirardelli's slightly untimely filing.

1  now raises to the prior sealing requests are untimely.

2  That being said, Leyton argues that many of the details are publicly available and unworthy of
3  protection. *See* ECF Nos. 68-1, 68-2. The problem, and the basis for the court's previous orders,
4  was that while the allegations are partially based on publicly-available information, the link between
5  that information and the legal theories supporting Leyton's claims is derived from information
6  disclosed under the protective order. That was the reason that the court found good cause to seal the
7  information.

8  The question is what should the court do now with Leyton's procedurally-irregular attempt to
9  raise new objections only after the court issued orders. Under the circumstances, the court's view is
10 that given the modest redactions that are proposed, entering this sealing order now preserves the
11 status quo. If the court grants Leyton's motion to intervene and permits the proposed amended
12 complaint, the solution would be to revisit whether the proposed amended complaint remains under
13 seal. That should accomplish what Leyton wants (if it is appropriate) and avoid a piecemeal
14 revisiting of prior orders. In the end, it is the portions of a filed complaint that need to be under seal
15 (or not), and there is no reason to spend the time now (especially given the failure to object
16 previously).

17 Thus the court grants the motion to seal without prejudice to addressing the issue (if necessary)
18 in the context of the amended complaint and denies without prejudice the request for reconsideration
19 to the extent that it impacts what portions of any amended complaint should be under seal. This
20 disposes of ECF Nos. 68 and 70.

21 **IT IS SO ORDERED.**

22 Dated: November 13, 2013

   _____
23 LAUREL BEELER
   United States Magistrate Judge