Matthew Kurilich California Bar Number 30172
17321 Irvine BLVD STE 115
Tustin CA 92780
Telephone    714-734-3715
Facsimile     714-734-3716
mattkurilich@gmail.com

Attorney for Objector
Brittany Ference

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISO

| | |
|---|---|
| SCOTT MILLER and STEVE LEYTON, individually and on behalf of themselves, the general public and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GHIRADELLI CHOCOLATE COMPANY; <br><br> Defendant. | Case No. 12-cv-04936 LB <br><br> CLASS ACTION <br> **NOTICE OF OBJECTION FOR OBJECTOR BRITTANY FERENCE** |

TO THE CLASS ACTION CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

With respect to Miller, et al. v. Ghirardelli Chocolate Company, Case No. 12-cv-04936 LB, class member, Brittany Ference, objects to the settlement as follows:

1

The packaging and label changes do not benefit the Class and do not add value to the settlement. Plaintiff's Counsel states that Defendant's packaging allowed Defendant to charge a premium for the Covered Products. Class Counsel asserts that the label and package changes Defendants has made will save class members at least $13.46 million over the next three years. The package changes, however, do not benefit the Class because Defendant has not lowered the retail prices of the Covered Products, and as a result, the changes have not "saved" Class Members money. Even if the package and label changes lower the retail cost of the Products, Defendant is only obligated to maintain the changes for three years. After that time, Defendant may revert to the prior packaging and labels and continue to mislead the public. The problem is multiplied by the fact that the Class Release waives all claims relating to the packaging and labels forever, not just for three years. The package and label changes do not benefit the Class and any perceived benefits are illusory.

The monetary relief is inadequate as well. Claimant recovery is limited to 50% of the purchase price with proof of purchase, and capped at $24 per household without proof of purchase. Yet, it is very likely that a significant amount of money will remain in the common fund after claims are paid. The Class is not receiving the full benefit of the settlement because funds that were specifically set aside for the Class will likely be diverted to nonprofits that may only indirectly benefit Class Members, at best. Claimant recovery should not be limited if settlement funds remain.

Neither Class Counsel nor the Settlement Administrator provided details regarding how many valid claims were submitted, how many claimants submitted claims, and what amount of money will be paid to claimants. Without knowing how much money will be distributed to Claimants, Class Counsel may be receiving a windfall in fees as compared to the total Class recovery. If this Settlement is truly valuable to the Class, then a significant percentage of the Class should take advantage of its benefits. Similarly, if this Settlement is fair and reasonable as is, then most of the settlement fund should be distributed directly to Claimants.

**Class Action Notice of Objection** Case No. 12-cv-04936 LB

The Court should not award a multiplier to Class Counsel, but should reduce the requested fees instead. Class Counsel writes in its fee motion, "A law firm that focuses on contingent-fee class action cases does not get paid in every case. Frequently it gets nothing or is awarded fees equal to only a small percentage of the amount it had worked. Where a plaintiff's firm does succeed, therefore, it is appropriate to award a multiplier, to compensate for the risks the firm regularly undertakes." The Class should not sacrifice its monetary recovery simply because Class Counsel has not succeeded in previous, unrelated cases. The Court should reduce the fee award to a reasonable percentage of the total recovery of Claimants. This calculation should exclude any amounts distributed to nonprofits via cy pres.

The Court should reject any distribution to charities or nonprofit organizations. Cy pres awards are only appropriate when it is not possible or practicable to compensate class members. Here, it is both possible and practicable to compensate class members: Class Members have been identified through the claims process and through Defendant's records, and there is nothing prohibiting a pro rata increase to Claimants. In fact, some Claimants have even provided account information for direct deposit, thereby removing the added costs of sending checks. As a result, the parties have not explained why it is not possible to provide the remaining funds to Class Members as opposed to nonprofit organizations.

The proposed cy pres distribution also is inappropriate because: (1) the proposed cy pres distributions do not outline any benefits to absent class members or address the underlying basis for the class action; (2) there is no agreement between the Court and the third party recipients that the cy pres funds will be used to benefit absent class members; and (3) there is no guarantee from the Parties that any payment to nonprofit organizations will not reduce any of Defendant's preexisting donations, contributions, or obligations to any charity, charitable foundation or trust, and/or non-profit organization.

**Class Action Notice of Objection** Case No. 12-cv-04936 LB

The objective of cy pres is to achieve the best approximation of righting the wrongs caused by the underlying lawsuit. Here, cy pres is unnecessary because the settlement provides cash to Claimants, which is a very reasonable way to right the wrongs of the underlying lawsuit. Moreover, a cy pres award beneficiary must qualify as "the next best distribution" to giving the funds directly to class members. Here, the proposed distributions do not qualify as the next best distribution because there are no details as to how the recipients will benefit the Class.

The Court should reject any proposed cy pres distribution and instead increase the payout to claimants that have not received a 100% recovery.

Respectfully,

Dated: 1-19-15

LAW OFFICES OF MATTHEW KURILICH
By:
**/s/Matthew Kurilich**

_____
Matthew Kurilich, Attorney for Objector

Objector
Brittany Ference

4

**Class Action Notice of Objection** Case No. 12-cv-04936 LB

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party through the Court's electronic filing service on January 19, 2015.

/s/Matthew Kurilich
MATTHEW KURILICH

**Class Action Notice of Objection** Case No. 12-cv-04936 LB